### KAHN et al. v. STARRELS.

(Circuit Court of Appeals, Third Circuit. March 27, 1905.)

PATENTS—SUIT FOR INFRINGEMENT—COSTS.

The provisions of Rev. St. §§ 973, 4922 [U. S. Comp. St. 1901, pp. 703, 3396], that when judgment or decree is rendered for the plaintiff or complainant in any suit at law or in equity for infringement of part of a patent, etc., no costs shall be recovered unless the proper disclaimer was

entered in the Patent Office before the suit was brought, applies only to costs in the trial court, and not to costs on appeal, the allowance or refusal of which is to be determined by the appellate court in view of the special circumstances of the case. Where the court below denied all relief and dismissed the bill, which action was reversed on appeal as to certain claims of the patent, complainant will be awarded costs in the appellate court.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Sur Motion of Appellee as to Costs.

For opinion below, see 131 Fed. 464.

Jos. C. Fraley, for appellants.

L. L. Smith, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

PER CURIAM. The court below dismissed the bill, and the complainants appealed to this court. We have held that two of the claims of the patent in suit are valid, and were infringed by the defendant (appellee), and accordingly we have reversed the decree below, and will remand the case to the court below, with directions to enter a decree in favor of the complainants in accordance·with our opinion. It now appears that the appellants have filed a disclaimer as to the third claim of the ·patent, which we held to be invalid, and the present motion is based upon the contention of the appellee that under the statutory provision contained in sections 973, 4917, and 4922 of the Revised Statutes [U. S. Comp. St. 1901, pp. 703, 3393, 3396] no costs, either in the court below or in this court, are recoverable by the appellants, because the disclaimer was not entered in the Patent Office before the suit was brought. Undoubtedly the statutory provision applies to costs in the court below, but no case has been brought to our attention in which it was directly held that the statutory provision applies to costs on appeal. The provision that "when judgment or decree is rendered for the plaintiff or complainant in any suit at law or in equity for the infringement of a part of a patent," etc., no costs shall be recovered unless the proper disclaimer has been entered before the suit was brought, applies, we think, only to the costs in the original suit in which the judgment or decree is rendered, and does not apply to appeal costs. The allowance or refusal of appeal costs is to be determined by the appellate court in view of the special circumstances. In the present case the court below denied all relief to the complainants, and dismissed their bill. Our decree rectifies the error of the court in dismissing the bill, and remands the cause, with instructions to enter a decree in favor of the complainants, which should have been rendered. We think, then, that the appellants are rightfully entitled to costs in this court upon the appeal, but not to costs below, and it is so ordered.