## GENERAL ELECTRIC CO. v. CROUSE–HINDS ELECTRIC CO.

(Circuit Court, N. D. New York. October 8, 1906.)

### No. 7,055.

PATENTS—SUIT FOR INFRINGEMENT—COSTS ON PARTIAL RECOVERY.

Rev. St. §§ 973, 4922 [U. S. Comp. St. 1901, pp. 703, 3396], which provide that a plaintiff or complainant recovering judgment or decree for infringement of part of a patent shall not recover costs where the claims of the patent were too broad, and no disclaimer was entered before suit, apply to a suit in which certain claims of a patent are held valid and infringed, while other independent claims infringement of which is alleged are held invalid, and in such case the complainant is not entitled to recover costs.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 607–612.]

In Equity. Motion to amend decree by giving to complainant two-thirds costs; also for order directing defendant to pay $150 costs awarded in satisfaction of the expense incurred by complainant in submitting certain witnesses for cross-examination pursuant to an order of the court made September 26, 1905.

S. O. Edmonds, for the motions.

Arthur E. Parsons, opposed.

RAY, District Judge. The complainant brought suit in equity to restrain alleged infringement by defendant of claims 5, 6, and 7 of United States letters patent No. 489,682, dated January 10, 1893, issued to the complainant as assignee of one Metzger, and also for an accounting.

The invention claimed in the patent relates to sockets adapted to receive the bases of electric lamps or other translating device and to connect their terminals with a suitable supply circuit. This court held claims 5 and 7 valid and infringed, and held claim 6 invalid, and directed a decree for an injunction and an accounting as to claims 5 and 7, and dismissed the complaint as to claim 6. The decree provided that neither party should have costs as against the other. The complainant now contends that, having sustained its case as to claims 5 and 7, it should recover two-thirds costs, notwithstanding the fact that the defendant successfully defended as to claim 6. The bill of complaint alleged the validity of claim 6, and that defendant had infringed same. No disclaimer has ever been filed.

The defendant relies upon section 973 and section 4922 of the Revised Statutes of the United States [U. S. Comp. St. 1901, pp. 703, 3396] to sustain its contention that the complainant is not entitled to any costs. Are these sections applicable to this case? I think they are. The complainant here claims to have been the original and first inventor or discoverer of the device mentioned and described in claim 6 of the patent. This court has held that he was not the original and first inventor thereof. This court has held that in view of the prior art no invention was disclosed in this combination. A decree has been rendered in this suit for the complainant

for the infringement of a part of the patent, to wit, claims 5 and 7, and has held that the complainant's patent was too broad, and that his suit was too broad. I do not think this section can be confined in its application to a suit upon one claim of a patent, where it is held that the claim is too broad. In such a case, even if the claim covers a patentable invention, if it is too broad, and no disclaimer has been filed as to any part of the claim, the complainant cannot recover at all or maintain his suit for an injunction, and hence there could not be a decree or judgment for the complainant in such a case.

Attention is called to Johnson v. Foos Manufacturing Co. (C. C. A.) 141 Fed. 73, and also to Ide et al. v. Trorlicht, Duncker & Renard Carpet Co. et al., 115 Fed. 137, 55 C. C. A. 341, and especially to the remarks of the court at page 150, 115 Fed. (55 C. C. A. 341), where it is said, citing cases:

"Where a suit is brought upon several claims of one or more patents, and the complainants succeed in obtaining relief upon some of the claims, but fail to recover upon others, an equitable division of the costs, proportioned to the expense of litigating the respective claims, should be made, because the defendants are not justly liable for the costs of litigating those claims upon which the complainants were entitled to no relief."

This language was used by the Circuit Court of Appeals in awarding costs in that court. The Circuit Court of Appeals reversed the decree of the court below and held that the appellants should recover one-half of their costs in that court, and remanded the case to the Circuit Court with directions to dismiss the bill as to three of the claims and to enter the usual decree for an injunction and an accounting upon two of the claims, but "without costs to either of the parties to the suit up to the time of the entry of the decree." If in the court below the complainant was entitled to any costs whatever, why was it not suggested or left to the court below to award half costs or apportion the costs?

In Johnson v. Foos Manufacturing Company, supra, on rehearing, the Circuit Court of Appeals held:

"Rev. St. §§ 973, 4922 [U. S. Comp. St. 1901, pp. 703. 3396], which provide that a plaintiff or complainant recovering judgment or decree for infringement of part of a patent shall not recover costs, where the claims of the patent were too broad, and no disclaimer was entered before suit, do not apply to the costs in an appellate court, where the decree below dismissing the suit is found erroneous, and the complainant was compelled to appeal to obtain the relief to which he was entitled."

This seems to draw the distinction in a case like the one at bar between the award of costs by the Circuit Court and the award of costs by the Circuit Court of Appeals on appeal. As seen, it is there held that the provisions of the Revised Statutes above quoted have no application in the Circuit Court of Appeals, where the decree below was erroneous, and the complainant was compelled to appeal to obtain relief to which he was entitled. See, also, Kahn v. Starrels, 136 Fed. 597, 69 C. C. A. 371.

In Johnson v. Foos Manufacturing Co. (C. C. A.) 141 Fed., at page 89, the court says, after citing the sections hereinbefore referred to:

"The effect of these provisions is to save the claims which are valid if they are definitely distinguishable from those parts of the patent claimed without right, whether there has been a disclaimer or not. But, if there has been no disclaimer entered in the Patent Office before suit brought, it is specifically provided that the patentee shall not recover any costs."

Cases are cited sustaining this contention.

In the case at bar claims 5 and 7 are definitely distinguishable from claim 6, and therefore it was within the province and power of the court to hold these claims valid. If, however, the court had found that there was valid invention disclosed in either of those claims, but that the claim was too broad, and claimed more than the patentee was entitled to, then it would have been compelled to hold those claims invalid and to have dismissed the bill as to them, unless a disclaimer of the excess had been filed. After a careful examination of all the cases cited, I am of the opinion that the decree as to costs is correct, and the motion is therefore on that branch of the case denied.

We then come to the motion for an order directing or compelling the payment of $150 provided for in a prior order of the court.

While evidence was being taken in the case, the depositions of one Weber and one Stahl had been taken in chief on behalf of the complainant herein on rebuttal. A motion was made to expunge the depositions of these witnesses on the ground that no opportunity had been given for cross-examination. The court on said motion ordered as follows:

"Ordered, that said motion to expunge be denied; that complainant produce said witnesses Weber and Stahl for cross-examination on at least three days' notice to be given defendant's solicitors, and that within 48 hours after the completion of the depositions of said Weber and Stahl the defendant pay to complainant's solicitor the sum of $150 in satisfaction of the expense incurred by the complainant on submitting said witnesses for cross-examination."

There was a companion suit in which evidence was being taken involving patent 7,055, known as the "Sargent Patent." A written notice was served that evidence would be taken in that case October 3, 1905, at the office of Benjamin B. Hull in Schenectady, N. Y. I am not furnished with any written notice that the witnesses above mentioned would be produced in this case for further cross-examination, but the record shows as follows:

"Schenectady, N. Y., Oct. 3/05.

"Met pursuant to notice. Present—Mr. Edmonds for complainant; Mr. Hey for defendant. Complainant's counsel notes that this session is held in accordance with the direction contained in the judicial order of September 26, 1905; the witnesses referred to in such order, Messrs. Weber and Stahl, being presented for cross-examination. Counsel for defendant states that on Monday, October 2d, he wired counsel for complainant that he would not cross-examine the witnesses Weber and Stahl. Complainant's counsel then, in further accordance with the provisions of the order of September 26th, states that the depositions are completed, and asks the examiner to have such depositions verified by the respective witnesses."

I am not furnished with any evidence further than this record that the telegram therein mentioned was sent, or, if sent, that it was received. Mr. Edmonds was there for the complainant, and Mr. George W. Hey, now deceased, for the defendant. It was noted in

the minutes that this hearing in this case, not the companion case, was held pursuant to notice, and no protest was made. It was further entered on the minutes by complainant's counsel that the session was held in accordance with the order above referred to, and no protest or denial of this fact was made, or, if made, no such protest or denial was entered in the minutes. On the other hand, defendant's counsel stated that a telegram was sent that the presence of the witnesses would not be required, inasmuch as they would not be cross-examined. It was then stated that the depositions were completed.

It seems to me that with this record I am compelled to hold that some sort of notice was given that these witnesses would be produced for cross-examination at the time and place mentioned. Mr. Hey is dead, and cannot speak; but his silence and seeming acquiescence in the record that was made indicates clearly that the parties were there under a notice in this case and under a notice that these witnesses would then and there be produced for cross-examination. There is no evidence that the telegram, if received, was received in time to obviate the necessity of the attendance of the witnesses or of counsel. Had that fact been made to appear, I should decline to compel the payment of the sum directed to be paid by the order of September 26, 1905. If such a telegram was received, and complainant's counsel could have avoided the necessity and expense of the attendance of these witnesses, it was his duty to have done so. I cannot presume that complainant's counsel attended at Schenectady for cross-examination in this case, when it was unnecessary to do so.

I think there should be an order directing the payment of the money specified in the order made September 26, 1905.