## NOVELTY GLASS MFG. CO. v. BROOKFIELD.

(Circuit Court of Appeals, Third Circuit. August 12, 1909.)

No. 6, October Term, 1908.

1. PATENTS (§ 325*)—SUIT FOR INFRINGEMENT—COSTS—FAILURE TO FILE DISCLAIMER.

Rev. St. § 4922 (U. S. Comp. St. 1901, p. 3396), which provides that a patentee who has inadvertently claimed more than he is entitled to cannot recover costs in a suit for infringement unless he has filed a disclaimer as to the invalid claims before commencement of the suit, makes it obligatory on the courts to deny costs in such case both in the Circuit and appellate courts, although the decision that certain claims are invalid is first made by the latter court in affirming the decree of the court below as to other claims on general assignments of error which challenge the validity of all of the claims.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 607–612; Dec. Dig. § 325.*]

2. PATENTS (§ 325*)—SUIT FOR INFRINGEMENT—COSTS ON APPEAL—PLEADINGS.

The question does not depend on the pleadings in the appellate court, and cannot be made to. Even, therefore, if the assignments of errors are severable or distributive between the different claims of patents, and in consequence have to be overruled, the costs must nevertheless be denied; such assignments only going to the issues raised according to which the decree below is to be considered.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 325.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PATENTS (§ 325*)—SUIT FOR INFRINGEMENT—FAILURE TO DISCLAIM—COSTS.

The effect of failure to disclaim is negative merely. The statute denies costs, but does not give them, and defendant is not entitled to recover costs, because of the want of disclaimer.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 325.*]

4. PATENTS (§ 322*)—SUIT FOR INFRINGEMENT—FAILURE TO DISCLAIM—PROFITS AND DAMAGES.

Much less is the plaintiff upon that account to be refused an account for profits and damages.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 322.*]

On Motion to Modify Mandate.
For opinion on the merits, see 170 Fed. 946.

Joseph C. Fraley, for the motion.
Robert N. Kenyon, opposed.

Before GRAY and BUFFINGTON, Circuit Judges, and ARCH-BALD, District Judge.

ARCHBALD, District Judge. But one claim of the patent in suit having been sustained, a motion is made to deny costs to the complainants. This motion, in our judgment, must prevail. By the express provision of the statute (Rev. St. § 4922 [U. S. Comp. St. 1901, p. 3396]), whenever a patentee, through inadvertence, accident, or mistake, and without any willful default or intent to defraud or mislead the public, has claimed more than he is entitled to, while he may maintain a suit for infringement of the part which is bona fide his own, no costs are recoverable unless a proper disclaimer has been entered before the commencement of the suit as to the rest, for which provision is made by section 4917; nor, even then, if the disclaimer has been unreasonably neglected or delayed. Where these conditions appear, the court has no discretion, and costs must be denied as a matter of law.

In the present instance the complainants relied on the first, second, third, sixth, seventh, and eighth claims of the patent involved, which were thus put at issue, and all but claim 2 found to be beyond what the inventor was entitled to; the first being too broad, and the others being distinguished from the second by elements not of sufficient significance to be made the subject of separate claims. Within the meaning of the statute, the inventor had thus got more by his patent than he could maintain, and was required, in consequence, to disclaim the rest, in order to save the good from the bad, which not having been done before suit was brought, even though the patent is in part valid, there can be no costs.

The question does not depend on the pleadings in this court, as argued, and cannot be made to. The assignments of error may not, as they stand, be severable or distributive between the different claims, and may have to be overruled, as they have been; one of the claims being found good. But that does not control. It only goes to what are to be regarded as the issues raised, according to which the decree below is to be considered and adjudged. We have decided that it

is entitled to a modified affirmance, having been justified so far as it is based on the one claim, but not as to the rest; and this brings up the judgment to be entered here and the mandate to be sent down. The statute, while allowing the patentee to cure his patent—when found to cover more than it should, which would under ordinary circumstances make it wholly bad—declares that no costs shall be recovered unless the privilege of disclaiming has been exercised before suit brought. This we have no authority to disregard. As indicated in the opinion disposing of the appeal, the decree must be affirmed as to claim 2 of the patent; but, there being no disclaimer as to the others, it will be without costs. And this applies as well to the costs in this court as in the court below; the same infirmity attending the suit here as there.

This relief is merely negative, however. It denies costs, but does not give them; and we see no occasion, in the conclusions reached with respect to the patent, to direct that the defendants shall recover any costs here, or any further portion of their costs below than was there allowed them. Much less do we feel that the complainants shall be denied the right to an accounting. The substance of the invention which the defendants are found to have deliberately infringed is contained in the claim which has been held to be valid, the others disallowed, excepting the first, being addressed to comparatively minor features; and we are not persuaded that profits have been included in the amount which the defendants have been directed to pay, which are ascribable to the use of the special form of device in either of them, distinct from the general invention, or that, in defending the suit, the defendants were put to any appreciable extent to costs and expenses beyond what they would have been had these claims been eliminated.

The judgment in this court and in the court below will therefore be without costs, except as the court there has allowed the defendants a certain portion of them; and, as so modified, the decree sustaining the second claim of the patent, finding infringement, and ordering the payment of profits, will be affirmed.