## NULOMOLINE CO. v. STROMEYER.

(Circuit Court of Appeals, Third Circuit. March 4, 1918. Rehearing Denied April 9, 1918.)

### No. 2305.

INJUNCTION ⊂≈56—SUBJECTS OF PROTECTION—USE OF TRADE SECRETS.

A complainant *held* entitled on the evidence to an injunction to restrain defendant, a competing manufacturer of invert sugar, from using in his business the secret process of complainant, disclosed to him by a former employé of complainant in violation of his contract of employment.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit in equity by the Nulomoline Company against Julius Stromeyer. Decree for defendant, and complainant appeals. Reversed and remanded.

For opinion below, see 245 Fed. 195.

Leo Levy, of New York City, and Chester N. Farr, Jr., of Philadelphia, Pa., for appellant.

James F. Ryan and Michael J. Ryan, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. Our examination of this voluminous record, containing more than 1,000 printed pages, has convinced us that the bill should not have been dismissed. The opinion of the District Judge is reported in 245 Fed. at page 195, and we agree that the controversy is one of fact. Moreover, it seems to us to lie within narrow limits, and we think what is now relevant may be fairly summarized as follows:

In November, 1910, Maxwell Tausek entered the direct employment of the Nulomoline Company, a manufacturer of invert sugar, and agreed, inter alia, that he would not—

"* * * engage in any other business whatsoever; that he will perform such duties as may be assigned to him during the course of the employment herein·provided for. [He] covenants and agrees that any and all knowledge or information that may be obtained by him in the course of the employment with respect to the conduct and details of the business and with respect to the secret processes, formulas, machinery, utensils, and arts used by the employer in manufacturing its products, will be by him forever kept inviolate and be by him concealed from any competitor and all other persons, and that he will not engage as employer, employé, principal, agent, or otherwise, directly or indirectly, at any time hereinafter in a similar business, and that he will not impart the knowledge by him acquired of the said secret processes, formulas, machinery, utensils, and arts of manufacture of the employer to anybody whomsoever, and that, should he at any time leave the employ of the employer, he hereby covenants and agrees that he will not in violation of its terms enter into the employ or service or otherwise act in aid of the business of any rival company or concern or individual engaged in the same or in similar lines of business; and, if he does so in violation hereof, the employer shall be entitled to an injunction by any competent court of equity enjoining and restraining [him] and each and every other person concerned thereby from continuance of such employment, service, or other act in aid of the business of such rival company or concern. Nothing herein contained shall prevent [him] upon the termination of the employment, in engaging in any occupation in which the processes, formulas, and other secrets of· the employer will not be directly or indirectly involved."

Early in 1915 Tausek was discharged, and later in the year he entered into business relations with Julius Stromeyer, the defendant; these relations continuing for a number of months thereafter. The plaintiff charges that during this period Tausek disclosed to Stromeyer the secret process by which Nulomoline was made, and that Stromeyer used the knowledge so obtained in order to make and sell Nulomoline (although under another name), thereby seriously injuring the plaintiff's trade and inducing a number of its former customers to transfer their business either wholly or in part. The charge that Tausek made the disclosure has been sustained by the District Court, and in our opinion upon sufficient evidence. The learned judge finds as a fact (page 199) that:

"* * * Tausek did send to the defendant the names and addresses of buyers of products who had been customers of the plaintiff, and did inform the defendant of how the plaintiff made the product which these customers had been receiving."

Upon the other charge—that Stromeyer used this information and made Nulomoline by the plaintiff's process—the finding of the court below is in favor of Stromeyer:

> "There is nothing beyond the fact that Tausek disclosed information to implicate the defendant in either its disclosure or its use. There is nothing to indicate that the defendant invited it and evidence that he somewhat testily repulsed Tausek's attempt to teach him the art."

But, without discussing the circumstantial evidence that indicates strongly an opposite conclusion, we are satisfied that such a conclusion should have been reached, and accordingly we find that Stromeyer was not only ready and willing to accept the disclosure offered by Tausek, but that he did act thereon and did employ the plaintiff's process by making the plaintiff's product. Just how far this improper conduct went, and to what extent Stromeyer should account, we cannot determine accurately on the evidence before us, but this matter may be left for future consideration upon such other evidence as may be offered. The decree to be entered should carefully preserve Stromeyer's right to make invert sugar in accordance with his own process—which he has apparently been using for many years—and also to preserve his right to promote the sale of his distinctive product in competition with Nulomoline. But he should be enjoined from making any future use of the information unlawfully obtained from Tausek concerning the manufacture of invert sugar by the plaintiff's process; and he should be compelled to account in respect of the Nulomoline (by whatever name) that he has already made and sold in the use of the information thus obtained. There may perhaps be difficulties in framing a decree that will preserve the defendant's right to his own product while protecting the right of the plaintiff, but this is not a sufficient reason for denying to the plaintiff the relief to which it is entitled.

We regard this record as unduly swollen by the appellant, both by its disregard of the equity rules, and by the inclusion of unnecessary matter, and we therefore direct that all the costs on this appeal be equally divided between the parties.

The decree is reversed, and the cause is remanded for further proceedings in accordance with this opinion.