### ENSTEN v. RICH–SAMPLINER CO. et al.

Circuit Court of Appeals, Sixth Circuit.
May 9, 1927.

No. 4779.

1. Patents ⚖==290(3)—Where patentee's application to make licensee party, made just after interlocutory appeal, was denied, failure to renew before accounting did not preclude amended bill making licensee party.

Where patentee's application to make licensee party plaintiff in infringement suit, made just after interlocutory appeal to Circuit Court of Appeals, was denied, it should have been renewed before accounting; but failure to renew it was not fatal, so as to preclude amended bill making licensee party.

2. Patents ⚖==310(10)—Patentee's bill on behalf of licensee held allowable, but considered as amended bill in patentee's original suit.

In infringement suit, dismissal of bill by patentee, filed "solely on behalf of" its licensee, after denial of application to make licensee party plaintiff in original case, held error; but such bill should be considered as amended bill in original case.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Bill by Louis H. Ensten, to the use of the Lion Knitting Mills Company, against the Rich-Sampliner Company and others. From a decree dismissing the bill (13 F.[2d] 132), plaintiff appeals. Reversed.

Harold Elno Smith, of Cleveland, Ohio (Smith & Freeman, of Cleveland, Ohio, on the brief), for appellant.

Albert Lynn Lawrence, of Cleveland, Ohio, for appellees.

Before DENISON and MOORMAN, Circuit Judges, and SIMONS, District Judge.

PER CURIAM. After our decision in Ensten v. Rich-Sampliner Co., 291 F. 1003, and after the accounting was in progress, plaintiff attempted to prove the damages or loss of profits suffered by the Lion Knitting Mills Company, said to be plaintiff's licensee. The proof was rejected by the master, because the Lion Company was not a party plaintiff. Thereupon plaintiff filed the present bill, which, in form, has some aspects of an original bill, and in which Ensten is plaintiff "solely on behalf of" the Lion Company. It alleges that they are respectively patentee and licensee, and the former defendants and those who were responsible for the infringement alleged in the original bill as the act of the defendants there, were made defendants here, as they had already been duly brought in by other proceedings. This new bill was dismissed in the court below, for the reason that plaintiff had unreasonably delayed the filing of disclaimer under that claim (No. 2), which was formerly held to be invalid. The plaintiff seeks reversal of this order, and alleges that there was no unreasonable delay.

The details of the facts involved being unusual, we here express only our conclusions. Whether or not the bill intends to allege that the Lion Company is exclusive licensee, and whether or not the Lion Company has any interest in damages or profits, unless it is exclusive licensee—questions upon which we express no opinion—it is quite evident that the bill is intended as a continuation of the former case. It recites the former proceedings, and shows that it is filed only to meet an objection raised on the accounting, because not all the interested parties were before the court. We think it should not be considered as a new and independent bill. Upon its fact allegations, the Lion Company was a proper party plaintiff in the first place, and to allow that company to join now is only to correct an original defect. We do not read the bill as saying that the issues it presents were not within the original issue; it only says that the master had so held. There is perhaps little to be said to excuse plaintiff's delay in not bringing in the Lion Company long ago; but we see no injustice to defendants in subjecting them in this way to an always existing liability, nor do we see any element of estoppel; and we are reluctant to allow such a liability to be escaped on account of confusion in procedure.

[1, 2] It is true. that ·there was an application in the court below to be allowed to make the Lion Company a party plaintiff in the original case, and this was denied without· assigned reason; but this application was made just after the interlocutory appeal to this court had been perfected, and the court was very likely without power to allow it. It should have been renewed before the accounting; but the failure so to renew it, we think, was not fatal.

It follows that the decree dismissing the bill was erroneous, and there should be an order giving to the bill its proper status as an amended bill, and subsequent procedure should go accordingly. It follows, also, that the effect of the failure to file a disclaimer any more promptly becomes a moot question, since the original plaintiff and these defendants, and any one in privity with plaintiff, are all bound by the existing decree for accounting.

The situation of which appellant complains was so far produced by its own failures in procedure that no costs of this appeal will be awarded.