## BANKERS' UTILITIES CO., Inc., et al. v. PACIFIC NAT. BANK et al.

Circuit Court of Appeals, Ninth Circuit.
November 21, 1927.

No. 4981.

Patents ⊕325(2)—Costs on appeal are not affected by failure to file disclaimer of unsustainable claims before patent infringement suit (28 USCA § 821).

Under Rev. St. § 973 (28 USCA § 821; Comp. St. § 1614), providing that no costs shall be recovered in patent infringement suit, where patentee has made unsustainable claims, unless a disclaimer of such claims has been filed before suit was brought, failure to file disclaimer before suit is commenced affects only the costs in the trial court, and has no relation to costs in appellate court.

On petition for modification of mandate relating to costs. Petition denied.

For opinion on the merits, see 18 F.(2d) 16.

R. L. Daily, of San Francisco, Cal., for appellants.

Chas. E. Townsend and Wm. A. Loftus, both of San Francisco, Cal., and C. P. Goepel, of New York City, for appellees.

Before GILBERT, DIETRICH, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The appellees present a petition for modification of the mandate sent down by this court in the above-entitled cause; the court having found that the decree of the court below dismissing the suit was erroneous, and that claim 6 of the patent sued upon was valid. It is now represented that the mandate was erroneous, in allowing the appellants costs on the appeal, and that the case comes within the provisions of section 973, Rev. Stat. (28 USCA § 821; Comp. St. § 1614), which provides in substance that if, in a suit for infringement of a patent, it appears that the patentee has made unsustainable claims, no costs shall be recovered unless a disclaimer of such claims has been entered at the Patent Office before the suit was brought.

In the opinion this court said that the appellants' rights were fairly defined in claim 6, and further said: "In so far as the other claims may be construed to be of broader scope, they are held to be void." We may pass by the question whether, in so ruling, the said specified claims were held to be totally void, or void only in part, for, as we regard the statute which is here invoked and the established practice thereunder, the failure to file a disclaimer before suit is begun has no relation to costs in an appellate court, but affects only costs in the court below. Kahn v. Starrels (C. C. A.) 136 F. 597; Johnson v. Foos Mfg. Co. (C. C. A.) 141 F. 73; Excelsior Steel Furnace Co. v. Williamson Heater Co. (C. C. A.) 269 F. 614.

The appellees cite Fairbanks, Morse & Co. v. Stickney (C. C. A.) 123 F. 79, and Liquid Carbonic Co. v. Gilchrist (C. C. A.) 253 F. 54. But, while the decisions in those cases were decisions of appellate courts, the ruling in the first case as to the applicability of section 973 to the question of costs was confined to the recovery of costs in the court below, and in the second case, in holding that "neither party shall recover costs of the appeal," the court did not obey a statutory behest, but exercised a discretion with which it was vested in dealing with the question of costs in a suit in equity.

The petition is denied.