## EXCELSIOR STEEL FURNACE CO. v. F. MEYER & BRO. CO.

Circuit Court of Appeals, Seventh Circuit.
December 17, 1929.

No. 4222.

Benjamin T. Roodhouse and John A. Brown, both of Chicago, Ill., for appellant.

Arthur L. Morsell, of Milwaukee, Wis., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Appellant's suit was to secure protection for its patent No. 724,210 bearing date March 31, 1903, covering "Improvements in Hot Air Pipe." The District Court found the patent invalid, and dismissed the bill. On appeal this court on April 10, 1917 (244 F. 172) reversed the decree, sustained three claims of the patent, but agreed with the district court that two of the claims (1 and 2) were invalid.

Thereafter the District Court entered an interlocutory decree enjoining appellee from infringing claims 3, 4, and 5, and ordered a reference to ascertain the plaintiff's damages. Upon the master's report, the court ordered the bill dismissed for want of equity.

The questions here presented are: (a) The effect of appellant's failure to file a disclaimer of claims 1 and 2 before the patent expired; (b) the amount of appellee's profits; (c) the amount of appellant's damages; (d) the proper disposition of costs and sums paid to the certified accountant appointed by the court upon appellant's motion. A further statement of the facts will appear under the appropriate headings.

*Disclaimer.*—At the close of plaintiff's testimony before the master, appellees moved that appellant be denied all relief because of its failure to file a written disclaimer of the two claims (1 and 2) held invalid by this court. The master recommended the disal-

lowance of all damages and costs, finding that "appellant has neglected and delayed for an unreasonable time to file a disclaimer after claims one and two had been held invalid."

The rehearing in this court on this previous appeal was denied May 17, 1917. The patent expired March 31, 1920. Appellant closed its testimony before the master on February 25, 1922. On the same day appellee made its request to the master to deny appellant all damages because of its failure to disclaim claims 1 and 2. Appellant then asked leave to file a disclaimer nunc pro tunc as of May 17, 1917. The request was denied. Thereupon appellant, on March 17, 1922, almost two years after the patent had expired, filed a disclaimer. The master later reported the delay in filing the disclaimer was unreasonable. The court sustained the master.

The rights of the parties are determined by two sections of the statute. USCA title 35, § 71 (R. S. § 4922), and USCA title 35, § 65 (R. S. § 4917), read as follows:

"Section 65. *Disclaimer.* Whenever, through inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, a patentee has claimed more than that of which he was the original or first inventor or discoverer, his patent shall be valid for all that part which is truly and justly his own, provided the same is a material or substantial part of the thing patented; and any such patentee, his heirs or assigns, whether of the whole or any sectional interest therein, may, on payment of the fee required by law, make disclaimer of such parts of the thing patented as he shall not choose to claim or to hold by virtue of the patent or assignment, stating therein the extent of his interest in such patent. Such disclaimer shall be in writing, attested by one or more witnesses, and recorded in the Patent Office; and it shall thereafter be considered as part of the original specification to the extent of the interest possessed by the claimant and by those claiming under him after the record thereof. But no such disclaimer shall affect any action pending at the time of its being filed, except so far as may relate to the question of unreasonable neglect or delay in filing it."

"Section 71. *Suit for Infringement where Specification too Broad.* Whenever, through inadvertence, accident, or mistake, and without any willful default or intent to defraud or mislead the public, a patentee has, in his specification, claimed to be the original and first inventor or discoverer of any material

or substantial part of the thing patented, of which he was not the original and first inventor or discoverer, every such patentee, his executors, administrators, and assigns, whether of the whole or any sectional interest in the patent, may maintain a suit at law or in equity, for the infringement of any part thereof, which was bona fide his own, if it is a material and substantial part of the thing patented, and definitely distinguishable from the parts claimed without right, notwithstanding the specifications may embrace more than that of which the patentee was the first inventor or discoverer. But in every such case in which a judgment or decree shall be rendered for the plaintiff no costs shall be recovered unless the proper disclaimer has been entered at the Patent Office before the commencement of the suit. But no patentee shall be entitled to the benefits of this section if he has unreasonably neglected or delayed to enter a disclaimer."

The vital questions in view of these statutes are: (a) What is a reasonable time within which the owner of a patent must, when necessary, file a disclaimer? (b) What are the consequences of a failure to seasonably file such disclaimer?

(a) Appellee asserts, and the court sustained its contention, that all relief must be denied because appellant "unreasonably neglected or delayed to enter a disclaimer."

What is an unreasonable delay?

Appellee answers, "More than ninety days from the date of the denial of the petition for a rehearing (May 17, 1917)," and to support its answer cites Liquid Carbonic Company v. Gilchrist Company (C. C. A.) 253 F. 58; Herman v. Youngstown Manufacturing Company (C. C. A.) 191 F. 587.

The Liquid Carbonic Company v. Gilchrist Company decision, by this court, is distinguishable in at least two respects: (1) In that case the Court of Appeals definitely fixed the period within which the patentee was required to file a disclaimer. In the instant suit the Court of Appeals, in reversing the decree and ordering an injunction and an accounting, fixed no period within which a disclaimer was to be filed. There is an inference, at least, to be drawn from the direction of a decree in favor of the patentee that up to this time, at least, there had been no such delay as would bar the granting of the usual relief.

(2) In the present suit the patentee resisted the contention that two of its claims were invalid because of prior public use. It did not, during the life of the patent, acquiesce in the judicially declared invalidity

of these two items. In the Liquid Carbonic Case there was no serious .contention made that the first of two claims was valid. It was practically conceded that claim No. 1 was too broad and therefore invalid. Upon this situation, the court was amply justified in definitely fixing a short period of time within which the patentee was required to file its disclaimer. But in the instant suit the absence of acquiescence prevented the fixing of a period of time other than as that time was connected with the expiration of patentee's right to apply to the Supreme Court for a writ of certiorari so that this court's ruling might be reviewed.

■■ We think that in no case would a court be justified in finding that a patentee unreasonably delayed the filing of a disclaimer until after the expiration of the statutory period within which he might further litigate the question of the validity of the contested claims. In the present suit appellant might have applied to the Supreme Court for a writ of certiorari to review that part of the decree which held his first two claims invalid within 90 days from May 17, 1917, when the petition for rehearing in this court was denied. However, its right to seek such review was not lost by its failure to apply to the Supreme Court in the summer of 1917. Appellant could, under the interlocutory decree, proceed with its hearing before the master, and, after final decree was entered, appeal to this court, and later apply to the Supreme Court, at which time it could attack that part of the decree which held its claims 1 and 2 invalid. Until then, the holder of a patent cannot be said to have unreasonably neglected or delayed to enter a disclaimer.

*Damages and Lost Profits.*—Little need be said under this heading. The accounting disclosed appellee's profit to be $42,791.53 on all furnace pipes and fittings and a profit of $1,150.10 on the adjustable joints covered by the patent.

The master found that there was no confusion of profits on the wall pipes and other fittings and the profits on the adjustable joints. He also found that plaintiff had failed to show any damage because of its alleged reduction of prices occasioned by appellee's infringement of claims 3, 4, and 5. We are satisfied that the evidence supports these two findings, and that the amount of appellant's recovery should be limited to $1,150.10, which sum represents the profits of appellee due to the infringement of the patented article.

*Expert Accountant's Charges.*—During the course of the accounting, appellant complained repeatedly of appellee's statements of profits. On several occasions applications were made to the court for an order compelling it to file amended or corrected reports. Appellee attempted to comply with these orders, but never to the satisfaction of appellant. Appellant ultimately applied to the court for, and obtained, an order appointing a certified public accountant to examine appellee's books and to make and state the account. The court also ordered that appellee pay the charges of said accountant for the services rendered, but ordered further "that the defendant shall have the right to hereafter apply for the re-taxing of such charges upon a proper showing."

The accountant charged $13,230.30 for his services. His statement showed that appellee's last account was correct in all respects. The court therefore ordered the accountant's fees which had previously been advanced by appellee to be included in the decree against appellant.

■ No error was here committed. Appellant made charges respecting appellee's account which were unjustifiable and untrue. It caused the court to appoint an outside accountant to make a fair, just, and impartial report. The report completely vindicated appellee. It demonstrated the falsity of appellant's charges. The order of appointment expressly provided that the charges of the accountants should be first paid by appellee, but reserved the right to retax the costs if the circumstances warranted it. The appellant availed itself of the order, and should be bound by the conditions attached to its enforcement.

*Costs.*—The court taxed certain costs against the appellant. Included in this item was some $1,693 master's fees and expenses and another item of $85.

■ Appellee relies upon the statute (USCA title 35, § 71) which denies to a patentee the right to recover costs when he fails to file the necessary disclaimer before suit was begun. In view of this section, the holder of a patent cannot recover his costs if a necessary disclaimer is not filed before suit is begun. But does it follow that an infringer shall recover costs simply because of this statute? We think not. In a court of equity, in case no statute regulates the matter, costs are within the court's discretion. Here appellee was the wrongdoer—the infringer of appellant's patent. Because the patentee claimed more than it was entitled to, the statute withholds costs from it. But it would be an unfair exercise of discretion to allow to the defendant, the infringer, the wrongdo-

er, the recovery of its costs. When the decree was entered, the master's fees evidently had not been paid. Appellee in good conscience should pay half of the master's fees and expenses.

While the authorities are not unanimous (Novelty Glass Mfg. Co. v. Brookfield [C. C. A.] 172 F. 221), the weight of opinion is in favor of the allowance of costs to the prevailing party on appeal notwithstanding this statute. Walker on Patents [6th Ed.] vol. 1, p. 340; Excelsior Steel Furnace Co. v. Williamson Heater Co. [C. C. A.] 269 F. 614, 619; Kahn v. Starrels [C. C. A.] 136 F. 597).

It follows that the decree must be, and is hereby, reversed, with direction that one be entered which will offset appellant's $1,150.10 damages and interest against the award of $13,230.30 and interest in favor of appellee for the charges and expenses of the accountant, and that such decree also direct that one-half the master's fees and expenses be paid by appellee.

Appellant shall recover its costs in this court.