ENSTEN et al. v. SIMON ASCHER & CO., Inc.

No. 242.

Circuit Court of Appeals, Second Circuit.

February 3, 1930.

O. Ellery Edwards, of New York City, for appellants.

Hoguet & Neary, of New York City (Daniel L. Morris, of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM (after stating the facts as above).

The question is whether a patentee, to save the life of his patent, when one claim thereof has been held invalid by an interlocutory decree, must either appeal from such decree, or promptly file a disclaimer. With respect to this very patent, Judge Westenhaver held that he must. Ensten v. Rich-Sampliner Co. (D. C.) 13 F.(2d) 132. But this was reversed on another point, and the disclaimer question called moot, in 19 F.(2d) 66 (C. C. A. 6). In the case at bar, the court below followed the reasoning of Judge Westenhaver.

The appellants contend that election between the alternatives of appeal or disclaimer should not be required until entry of a final decree. They argue that an interlocutory decree does not finally determine the invalidity of a claim, because the correctness of such interlocutory ruling may be questioned upon an appeal from the final decree; that to require a patentee, to elect between appealing and disclaiming, when only an interlocutory decree has been entered, allows him the privilege of testing the interlocutory ruling upon appeal from the final decree only at the risk of losing his entire patent, if he fails to reverse the interlocutory order; and that the disclaimer statute should not be construed to have contemplated any such result. However persuasive these arguments might appear to the court as now constituted, we think we are foreclosed from considering them by the recent decision of Hoe & Co. v. Goss Printing Press Co. There the plaintiff's bill was dismissed for non-infringement. On appeal this court reversed the decree, holding one claim of the patent good and several invalid. 30 F.(2d) 271. Our decree was interlocutory, and yet, on motion to recall and amend our mandate [31 F.(2d) 565], we required the plaintiff either to petition for certiorari or to file a disclaimer within 30 days after expiration of the time for such a petition. The logic of that decision is equally applicable to an interlocutory decree of the district court. In fact, in such case it operates with slightly less severity, for the patentee may appeal as of right from the district court, while the entertainment of his petition for certiorari is a matter of grace. Adherence to the Hoe Case requires an affirmance of the decree below.

This decision appears to be in direct conflict with the principle upon which a decision of the Seventh Circuit has very recently been

handed down. Excelsior Steel Furnace Co. v. F. Meyer & Brother Co. (C. C. A.) 36 F. (2d) 447. In that litigation the patentee's bill was dismissed by the district court. On appeal, certain claims were held valid and others invalid, the opinion being rendered in May, 1917. (C. C. A.) 244 F. 172. Thereafter the District Court entered an interlocutory decree for injunction and accounting. During the accounting, in February, 1922, the defendant asked for dismissal of the suit because no disclaimer had been filed. The motion was sustained by the District Court. This action the Circuit Court of Appeals has reversed, holding that the delay was not unreasonable, since the prior decision was merely interlocutory and the plaintiff could reasonably delay the filing of its disclaimer until after the final decree. In view of this diversity of views between two Circuit Courts of Appeals, it would seem probable that the appellants can secure a certiorari, if so disposed, and thus enable this important question of the law of patents to be authoritatively determined.

Decree affirmed.