## JOHN W. GOTTSCHALK MFG. CO. et al. v. SPRINGFIELD WIRE & TINSEL CO.

### No. 2940.

Circuit Court of Appeals, First Circuit.
Feb. 15, 1935.

For prior opinion, see 74 F.(2d) 583.

George P. Dike, of Boston, Mass. (Robert M. Barr, of Philadelphia, Pa., on the brief), for appellants.

J. Lewis Stackpole, of Boston, Mass. (Franklin G. Neal, of Springfield, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

PER CURIAM.

The appellee has filed a motion in this case, in which the Sedgley patent and Gottschalk and Grater patents were sued upon, asking that our order of January 4, 1935, be modified by striking therefrom the words "the appellants recover costs of appeal," and inserting in their stead "the appellants recover no costs"; and that as to the Gottschalk and Grater patents the appellee be allowed to "recover its costs of appeal."

The claims of the Sedgley patent put in issue in the District Court were 19, 28, 29, 30, and 31, and in the Gottschalk patent claim 3. In the District Court the bill was dismissed on the ground that all the claims in issue were invalid except claim 19, which was not infringed. On appeal, this court held that claims 19, 29, and 31 of the Sedgley patent were valid and infringed, but that claims 28 and 30 of that patent were invalid; also that claim 3 of the other patent was invalid.

No disclaimer of the invalid claims of the Sedgley patent was filed in the Patent Office before bringing the suit. The Revised Statutes in sections 973 (USCA title 28, § 821) and 4922 (USCA title 35, § 71) provide:

"Sec. 973. When judgment or decree is rendered for the plaintiff or complainant, in any suit at law or in equity, for the infringement of a part of a patent, in which it appears that the patentee, in his specification, claimed to be the original and first inventor or discoverer of any material or substantial part of the thing patented, of which he was not the original and first inventor, no costs shall be recovered, unless the proper disclaimer, as provided by the patent laws, has been entered at the Patent Office before the suit was brought."

"Sec. 4922. Whenever, through inadvertence, accident, or mistake, and without any willful default or intent to defraud or mislead the public, a patentee has, in his specification, claimed to be the original and first inventor or discoverer of any material or substantial part of the thing patented, of which he was not the original and first inventor or discoverer, every such patentee, his executors, administrators, and assigns, whether of the whole or any sectional interest in the patent, may maintain a suit at law or in equity, for the infringement of any part thereof, which was bona fide his own, if it is a material and substantial part of the thing patented, and definitely distinguishable from the parts claimed without right, notwithstanding the specifications may embrace more than that of which the patentee was the first inventor or discoverer. But in every such case in which a judgment or decree shall be rendered for the plaintiff no costs shall be recovered unless the proper disclaimer has been entered at the Patent Office before the commencement of the suit. But no patentee shall be entitled to the benefits of this section if he has unreasonably neglected or delayed to enter a disclaimer."

It is conceded that these sections are applicable to the question of costs in the District Court, and that no costs can be allowed when a claim is held invalid and no disclaimer has been filed before suit is brought, but the contention of the appellants is that these sections do not control the allowance of costs in such a case in the court of appeals; that in the latter court the allowance of costs is discretionary in an equity suit.

The Circuit Courts of Appeal are at variance as to whether costs of appeal can or cannot be allowed in such a case. In three circuits it has been held that no costs

can be allowed in either court. Novelty Glass Mfg. Co. v. Brookfield, 172 F. 221 (3rd Cir.); Fairbanks, Morse & Co. v. Stickney, 123 F. 79 (8th Cir.); Metallic Extraction Co. v. Brown, 110 F. 665 (8th Cir.); Liquid Carbonic Co. v. Gilchrist, 253 F. 54, 58, 59 (7th Cir.). In other courts of appeal the opposite view has been taken in the following cases: Johnson v. Foos Mfg. Co., 141 F. 73, 90 (6th Cir.); Excelsior, etc., Co. v. Williamson, etc., Co., 269 F. 614, 619 (6th Cir.); Bankers' Utilities Co. v. Pacific National Bank, 22 F.(2d) 680, 681 (9th Cir.).

In the Supreme Court, costs on appeal have been denied in such a case. O'Reilly v. Morse, 15 How. 62, 121, 124, 14 L. Ed. 601; see also order in that case; Silsby v. Foote, 20 How. 378, 15 L. Ed. 953; Yale Lock Mfg. Co. v. Sargent, 117 U. S. 536, 554, 6 S. Ct. 934, 29 L. Ed. 954; Sessions v. Romadka, 145 U. S. 29, 41, 42, 12 S. Ct. 799, 36 L. Ed. 609.

In Novelty Glass Mfg. Co. v. Brookfield, supra, at page 223 of 172 F., the Circuit Court of Appeals for the Third Circuit, in support of its ruling, said:

"The statute, while allowing the patentee to cure his patent—when found to cover more than it should, which would under ordinary circumstances make it wholly bad—declares that no costs shall be recovered unless the privilege of disclaiming has been exercised before suit brought. This we have no authority to disregard. As indicated in the opinion disposing of the appeal, the decree must be affirmed as to claim 2 of the patent; but, there being no disclaimer as to the others, it will be without costs. And this applies as well to the costs in this court as in the court below; the same infirmity attending the suit here as there."

That the underlying reasons by which the court for the Third Circuit reached its conclusion were right, see Suddard v. American Motor Co., 163 F. 852 (C. C. Mass.), and the recent decision of the Supreme Court in Ensten v. Simon, Ascher & Co., 282 U. S. 445, 51 S. Ct. 207, 75 L. Ed. 453, where it is pointed out that at common law a patent covering more than the inventor discovered was invalid in toto; that the statutes are remedial, giving the owner of such a patent certain rights provided he does certain things and leaving him without costs or with an invalid patent in case he fails to do certain things. While the question decided in the Ensten Case is not the same as the one here presented, the basic matter for reaching a correct conclusion is the same in either case.

The statute is mandatory; its mandate is plain; it is not directed to the District Court any more or any less than it is to the courts of appeal or the Supreme Court.

The question whether the defendant will or will not be allowed costs of appeal in respect to the Gottschalk and Grater patent, as to which it prevailed, is not governed by the statutes above referred to, but rests in the discretion of the court. The claim in issue under this patent relates to the mode or process by which the curled wire, the product of the Sedgley machine, as it comes from the machine of that patent, is coiled on a reel, cut off by the operator and turned inside out by her to bind the mass into a ball or sponge. It is so related to the Sedgley patent for the machine and the process of making the curled wire that, under the circumstances, we think no costs in this court should be allowed the defendant on that account.

Our order in this case of January 4, 1935, is modified by striking out the words "costs. of appeal" and inserting in their stead "no costs in this court or the District Court"; and, as so modified, the order or decree of this court is affirmed.