## F. W. WOOLWORTH CO. v. EMERY.

## S. S. KRESGE CO. v. SAME.

### Nos. 5518, 5519.

Circuit Court of Appeals, Sixth Circuit.
June 28, 1930.

J. C. Kerr, of New York City (Marston Allen, of Cincinnati, Ohio, on the brief), for appellants.

A. J. Hudson, of Cleveland, Ohio (Kwis, Hudson & Kent, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

Separate suits by appellee, Emery, against appellants, Woolworth Company and Kresge Company, for infringement of reissued letters patent No. 15,641, for "artificial fruit and method of producing same." The cases were heard together. Claims 6, 8, 11, and 13, all "article" claims, are in issue. The patent was before this court in Emery v. George H. Bowman Co., 11 F.(2d) 525, 526, and these claims were upheld. Judge Moorman there epitomized the claims as follows: ·

"Each of them provides for the same general structure consisting of: (1) A hollow casting of waxlike material; (2) An application of color to the surface thereof; (3) A translucent protective covering of the colored surface of the same coefficient of expansion as the casting itself, which will not chip off or crack. Claims 11 to 14, inclusive, utilized in giving a fuzzy appearance to the surface of plaintiff's peach, comprise, in addition to the characteristics enumerated, slight abrasions of the coating with a finely powdered pumice."

The defense here in addition to noninfringement was anticipation, prior use, and publication. The District Court, following the Bowman Case, held the claims valid and infringed. That there was infringement if the claims were valid was not and we think could not be successfully controverted. The principal question here is whether the evidence in this case so far differs from that in the Bowman Case as to require a contrary conclusion. Detroit Ry. & Harbor Terminals v. Wm. S. Ferguson, 41 F.(2d) 688 (C. C. A. 6, decided June 12, 1930). We think it does so differ.

The patent to Emery was originally granted as No. 1,436,024 on November 21, 1922, upon an application filed January 24, 1921, and was reissued on July 3, 1923, on application filed May 23, 1923. Appellee admits that he made no wax models of fruit before March 1, 1919. However, appellants introduced wax models of (1) an abnormal pumpkin sweet apple; (2) an ideal Baldwin apple; and (3) an abnormal orange showing a malformation called Xenia. The construction and composition of these specimens respond in detail to claims 6 and 8.

Ulysses P. Hedrick, Professor of Pomology in Cornell University and a Vice Director and Chief in Horticultural Research at the New York Agricultural Experiment Station, Geneva, testified that he became connected with the Station in 1905. He is corroborated as to the date by the Twenty-Fourth Annual Report of the Station. He stated that he succeeded Dr. S. A. Beach; that Beach called his attention to the original fruits; that he (the witness) took these fruits to Adelaide E. Cross; that Miss Cross cast the models in evidence from the originals and delivered them to the witness before Dr. Beach left the Station, which was within six weeks after witness's arrival. Vouchers and accounts are in evidence, and these documents with other evidence indicate that beginning as early as 1900 Miss Cross was frequently employed by the Station to execute wax models of fruit. Hedrick testified that these specimens have been continuously on exhibition in show cases in the Station Museum since 1905, except that in the earlier days they were carried occasionally to state fair and horticultural meetings for exhibition purposes and that they were frequently inspected and handled by interested students and farmers; that these were only three out of a large exhibit of wax models of fruits and vegetables which has been at the Museum since 1905. The witness Dr. James S. Lawson testified that

these specimens were in the Museum when he took charge of it as Preparator in 1920; that he cleaned them because they were begrimed from the accumulation of years. Bror Eric Dahlgren, Curator of Botany at the Field Museum of Natural History, Chicago, testified that, except for 1914, he has been connected with the Field Museum since 1909; that he has charge of the exhibits among which are wax models of many fruits; and that these models were made in the Museum laboratory. From the specimens on exhibition there he produced a model of an Arkansas black apple showing the phenomenon called Xenia. He testified that his attention was called to the original apple at a horticultural exhibition in Chicago in 1912; that under his personal direction and observation it was reproduced in two wax models by Takahashi, a Japanese artist. Tested by its appearance and the description of its composition and structure given by Dahlgren, this model responds completely to claims 6 and 8. In addition, Dahlgren filed the official "accession" card and its envelope which show that this specimen was placed on exhibition in the Field Museum, April 15, 1912, where it has since remained and been examined and handled by interested parties. There is no apparent reason for doubting the testimony of either Hedrick, Dahlgren, or Lawson. They are disinterested and unimpeached and their evidence is supported by the exhibits and records referred to.

As to Claims 11 and 13: The distinctive element of these claims is the slight abrasion of the wax coating of the model produced by rubbing with powdered pumice. This is in imitation of the "fuzz" on a peach, but it does not in combination with other elements connote invention. According to Dahlgren, powdered pumice has its equivalent in the mill dust or "flock" in use at the Chicago Museum since prior to 1919 to raise the "bloom" on peaches and grapes. Powdered arrow root was known and used for a similar purpose as early as 1881 (Lessons in Flower and Fruit Modeling in Wax by Mrs. J. H. Mintorn, received in Patent Office Laboratory August 2, 1881. See also Wax Flowers, How to Make Them with New Methods of Modeling Fruit, published by Tilton & Co., and received in the Patent Office 1888). Powdered pumice is a simple substitute for powdered arrow root, "flock," corn starch, flour, Bon Ami, and other powdery substances which have long been in common use for raising the fuzz or bloom upon wax models of peaches.

Finally, we conclude that the evidence in the aggregate is sufficient to convince beyond a reasonable doubt [The Barbed Wire Patent, 143 U. S. 275, 284, 12 S. Ct. 443, 36 L. Ed. 154; Collins v. Hupp Motor Car Corp., 22 F. (2d) 27, 29 (C. C. A. 6); Twentieth Century Mach. Co. v. Loew Mfg. Co., 243 F. 373, 379 (C. C. A. 6)] that the claims in controversy are completely anticipated by the wax fruit models of Takahashi and Cross, which structures were, of course, not before the court in the Bowman Case, and that the Geneva and Chicago Museum uses for exhibition and educational purposes (the only uses to which they could be put) were public uses dating from 1905 and 1912, respectively, and in existence therefore for more than two years before the filing of appellee's original application.

It results that the claims are invalid, and the decree is reversed.