BASSICK MFG. CO. v. C. P. ROGERS & CO., Inc.

District Court, S. D. New York.    April 30, 1928.

1. Patents ⬤161, 167(2)—Claims of patent must be determined in light of specifications and limited to patent's contribution to the art.

Claims of patent must be determined in the light of the specifications and limited to particular contribution which is the invention disclosed by the patent.

2. Patents ⬤246—Device omitting material parts of patented combination does not infringe.

Claim of a patented combination is not infringed if any of the material parts of the combination are omitted from the alleged infringing device.

3. Patents ⬤328—1,307,734, claims 14 and 15, for pin fitting and coupling for grease pump, held not contributorily infringed.

Gullborg patent, No. 1,307,734, claims 14 and 15, for pin fitting and coupling for grease pump, held not contributorily infringed by defendant's grease guns and couplers intended to be used with the patented device.

4. Patents ⬤328—No. 1,475,980, claims 2, 3, and 5, for construction of nozzle and nipple in grease pump, held not contributorily infringed.

Grease cups, adapted for use with Zerk lubricant receptable, held not to involve contributory infringement of Zerk patent, No. 1,475,980, claims 2, 3, and 5,. for construction of nozzle and nipple in grease pump.

In Equity.  Suit by the Bassick Manufacturing Company against C. P. Rogers & Co., Inc.  On plaintiff's motion for preliminary injunction.  Motion denied.

On motion for preliminary injunction in suit for infringement of claims 14 and 15 of patent to Arthur V. Gullborg, No. 1,307,734, and claims 2, 3, and 5 of patent to Oscar Zerk, No. 1,475,980.

The claims of Gullborg in suit are:

"14. The combination with a grease cup comprising a tubular member having one end flanged inwardly to provide a closure seat, a closure, a pin extending through said tubular member and from both sides thereof, and a spring confined between said pin and closure, and tending to hold said closure on its seat, of a grease pump having a discharge conduit, and means co-acting with the ends of said pin for detachably connecting the discharge end of said conduit with said grease pump.

"15. The combination with a grease cup comprising a tubular member having a closure seat, a closure, a pin extending through said tubular member and from both sides thereof, and a spring confined between said pin and closure, and tending to hold said closure on its seat, of a grease pump having a discharge

conduit, and means co-acting with the ends of said pin for detachably connecting the discharge end of said conduit with said grease cup."

The claims of Zerk in suit are:

"2. In a lubricating apparatus, the combination with a lubricant receptacle element of a lubricant reservoir for supplying lubricant thereto, means to put the lubricant in the reservoir under pressure, a lubricant feeding nozzle element, said reservoir communicating lubricant under pressure thereto, said receptacle element and said nozzle element having co-operative substantially noncompressible contact faces and openings therethrough, the nozzle contact face having a concavely spherical surface, the other contact face having a dirt-cutting circumferential edge portion adapted to be embraced within the spherical surface of the nozzle face and providing the sole contact therewith when the nozzle is pressed against the receptacle element from any one of a plurality of angularly different directions, to make a sealed, substantially nonyielding, lubricant conducting connection between the face openings.

"3. In a lubricating apparatus, the combination with a lubricant receptacle element of a lubricant gun for supplying lubricant under pressure thereto, said gun having a lubricant feeding nozzle element, said receptacle element and said nozzle element having co-operative substantially noncompressible contact faces and openings therethrough, one of said contact faces having a concavely spherical surface, the other contact face having a dirt-cutting circumferential edge portion adapted to be embraced within the spherical surface of the other face and providing the sole contact therewith when the nozzle is pressed against the receptacle element from any one of a plurality of angularly different directions, to make a sealed, substantially nonyielding lubricant conducting connection between the face openings, and an outwardly inclined guide for one of said elements to direct the other element contact face portion thereto.

*    *    *    *    *    *

"5. In a lubricating apparatus, the combination with a lubricant receptacle of a lubricant gun comprising a container and a rigid lubricant feeding nozzle secured directly thereto, said receptacle and said gun nozzle having co-operative substantially noncompressible contact faces and openings therethrough, the nozzle contact face having a concavely spherical surface, the receptacle contact face adapted to be received within and to engage the concave spherical surface of the nozzle face and having a dirt-cutting cir-

cumferential edge portion providing the sole contact therewith, when the gun is directed against the receptacle and manual pressure exerted against the container from any one of a plurality of angularly different directions, to make and manually maintain a sealed, substantially nonyielding, lubricant conducting swiveling connection, between the face openings."

The defendant is charged with contributory infringement of all these claims because it has sold grease pumps with couplings adapted for use in combination with the Gullborg grease cup or pin fitting, and also with couplings adapted for use with the Zerk lubricant receptacle.

Stephen H. Philbin, of New York City (Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., of counsel), for plaintiff.

Irving M. Obrieght, of New York City (Clair W. Fairbank and Irving M. Obrieght, both of New York City, of counsel), for defendant.

THACHER, District Judge (after stating the facts as above). In determining whether there has been contributory infringement of Gullborg claims 14 and 15, decision must turn upon their breadth and scope. There is no doubt that the defendant is engaged in selling grease guns with couplings especially designed for use in combination with Gullborg fittings. If these claims are read without reference to the invention disclosed, in the broad and general sense of the terms employed, they cover any old grease gun with any old coupling capable of "co-acting with the ends" of Gullborg's pin so as to detachably connect the coupling and pin fitting while the grease is being delivered by the gun. That the claims cannot be read so broadly seems clear from the decision in Lyman Mfg. Co. v. Bassick Mfg. Co. (and six other cases), 18 F.(2d) 29 (C. C. A. 6th). In attributing invention to Gullborg, Judge Denison found in his coupling two functions not found in the prior art:

"The first was that after the initial sealing was effected by the spring pressure, it was intensified and made more efficient by the pressure developed in the liquid itself. The second was that by reason of the peculiar shape of the sliding member, and after it had been by the pressure of the fitting pushed up a substantial distance, upon the disunion of the parts the spring would throw it sharply down to its position of rest, leaving a vacuum behind it, and an upward inrush of air into this vacuum through the restricted opening would create a suction which would pull up into the opening the grease which at the moment of disunion had been below the opening, and which otherwise would smear up the parts and impair the cleanliness of operation."

He further found patentable novelty in Gullborg's particular form of fitting, "by which the same pin which furnished bearings for the slot was made to pass through the fitting and furnish an abutment for the valve closing spring"; and upon these grounds sustained claims 14 and 15 as valid.

In discussing the functional relation between the pin fitting and coupling, the learned Judge said:

"The pin fitting is not a mere inert conduit which has nothing to do with the characteristic features of the lubricating operation. It must make precisely the proper coupling with the coupler. It must present a suitable sealing surface. Its closure ball must be held open by the lubricant pressure during the operation and be seated at its end, and this simultaneous seating co-operates with the suction effect in the coupler to prevent drawing grease back out of the fitting."

In holding claim 12 invalid, Judge Denison said:

"So far, therefore, as any claim in Gullborg depends upon this suction result, it is valid; so far as it must rest solely for its novelty upon the pressure produced adhesion, it is invalid."

It was not necessary in that case to determine to what degree the general language of the claims should be limited by reference to the specifications, but it was clearly not the opinion of the learned Judge that the use of any compressor coupled with a Gullborg fitting would infringe these claims, if the functions peculiar to Gullborg's coupler and pin fitting were not embodied in the combination. This is clear, for it was said:

"The time may come when compressors which do not respond to the Winkley and Gullborg claims, but which can be used with the plaintiff's fittings, will be upon the market and in use to a considerable extent."

[1] The patentee's contribution to the art

thus consisted of a pin fitting of particular form and a coupling so constructed as to utilize the pressure to more effectively seal the connection, which was old, and to create the peculiar suction effect when the connection is broken, which was new. The claims must be interpreted in the light of the specifications, and limited to this contribution, which is the invention disclosed by the patent. Radio Corp. of America v. Twentieth Century R. Corp., 19 F.(2d) 290, 293 (C. C. A. 2d); Internat. Banding Mach. Co. v. American Bander Co., 9 F.(2d) 606, 608 (C. C. A. 2d); Tompkins-Hawley-Fuller Co. v. Holden, 273 F. 424, 430 (C. C. A. 2d); Fowler & Wolfe Mfg. Co. v. McCrum-Howell Co., 215 F. 905 (C. C. A. 2d).

[2] Judge Denison having carefully defined the scope of the invention upon full consideration of the prior art, I do not feel warranted on this motion for a preliminary injunction in extending the claims beyond what he regarded as the patentee's only contribution to the art. If, then, the defendant merely sold grease guns and couplings, which when used with Gullborg pin fittings do not complete the combination of the claims so as to embody the invention disclosed by the patent, there could be no contributory infringement. The claim of a combination is not infringed if any of the material parts of the combination are omitted. Union Water-Meter Co. v. Desper, 101 U. S. 332, 25 L. Ed. 1024; Gage v. Herring, 107 U. S. 640, 2 S. Ct. 819, 27 L. Ed. 601; Sargent v. Hall Safe & Lock Co., 114 U. S. 63, 5 S. Ct. 1021, 29 L. Ed. 67.

[3] The charge of contributory infringement is predicated upon sales by the defendant of grease guns with couplings designed and adapted to be attached to Gullborg pin fittings. But these couplings do not embody the peculiar construction disclosed by Gullborg, by which the pressure is employed to effectively seal the connection, nor do they embody any means for creating the suction effect peculiar to the Gullborg coupling. Thus the device as sold by the defendant, when used in connection with Gullborg fittings, cannot be said to complete the combination, claimed as invention, unless the claims are to be so broadly construed as to be devoid of all invention. While the cases which arose in the Sixth Circuit did not directly present the question as to how far the general language of claims should be limited, they cannot extend beyond the invention disclosed, which is so clearly defined and limited in Judge Denison's opinion. It is entirely

clear that, thus limited, the claims are not infringed.

The Zerk claims remain for consideration. [4] The claims of the Zerk patent must be narrowly construed and specifically limited to that construction of nozzle and nipple wherein the nozzle has a spherically concave contact surface adapted to receive the nipple. Although but three of the seven claims of this patent are in suit, each and every one of the seven is in terms so limited, and the specifications clearly show that this specific form of construction is the only invention intended to be claimed. The file wrapper shows that in meeting the Examiner's reference to Manzell United States patent, No. 1,328,024, Zerk stated:

"The patent to Manzell is clearly not capable of providing a contact which is dirt-proof; neither does it disclose the specific type of connection claimed herein; namely, *an annular edge fitting against a spherical face to form a contact between the nipple and nozzle.*"

And in the same connection he further said:

"The specified faces and their association, as claimed, form a *swiveling contact* as well as contact which prevents the possibility of dirt remaining therebetween."

Thus it is entirely clear that Zerk intended to limit his claims to the specific form of construction which they describe, and particularly to the spherically concave surface contact which enables the operator to hold the gun at different angles in contact with the nipple, an improvement which is emphasized in his specifications as of the greatest importance.

In Larkin Automotive Parts Co. v. Bassick Mfg. Co., supra, it was said:

"The asserted novelty of this patent lies in the 'concavely spherical surface of the nozzle' and a 'dirt-cutting circumferential edged part adapted to be embraced within the spherical surface of the nozzle face.'" In its opinion, the court differentiated this invention, thus described, from the disclosure of Wallace's patent, No. 1,494,752, covering a nozzle conical in form but not concavely spherical. In Bassick Mfg. Co. v. Ready Auto Supply Co. (D. C.) 22 F.(2d) 331, Judge Campbell said:

"I agree * * * that the Zerk patent discloses a fitting having a dirt-cutting circumferential edged portion, and that the nozzle of the compressor has a spherically concave surface adapted to contact with the circumferential edged portion of the fitting, to make a metal to metal joint, which is grease-

tight, even under pressure of thousands of pounds per square inch."

References are made to the prior art, not in anticipation of the patent, but in limitation of the claims, to show that Zerk's invention must be confined to the combination of the circumferential edged portion on the nipple in contact with the spherically concave surface of the nozzle. Whether or not these references are rightly claimed as limitations upon the scope of invention and of equivalence, it is entirely clear that the patentee intended to himself limit his claims to the combination which he so carefully describes, and unless the so-called Zerk adapter, sold by the defendant, when used with the Zerk nipple, whether genuine or spurious, completes the combination thus limited, there can be no infringement. So far as the nipples furnished by the defendant are concerned, these do not embody the circumferential dirt-cutting edged portion. Therefore there is no direct infringement.

So far as the so-called Zerk adapter, or nozzle, is concerned, its contact surface is conical in form, and is not concavely spherical within the meaning of the Zerk claims. Its conical contact surface does not permit that flexibility in operation which is claimed for Zerk, and, when used in contact with a Zerk nipple, it must, if a grease-tight connection is to be maintained, be held so that its axis is in line with the axis of the nipple. It cannot be said that the conical form is mechanically equivalent to the patented spherical form, because of this functional limitation. A very essential element of Zerk's construction is the swiveling contact attained by means of the spherical contact surface. No such swiveling contact is possible where the contact surface is conical in form, as in the adapters furnished by the defendant for use on Zerk nipples.

Reference has been made to a decree enjoining the Larkin Automotive Parts Company from furnishing an adapter for use in connection with Zerk's nipple, which is said to have been conical in form. The question arose upon settlement of the decree, and the injunction was issued apparently without consideration either by court or by counsel of the particular form of the adapter or of the prior art as a limitation upon the breadth of Zerk's claims as distinguished from their validity. Under these circumstances I cannot regard the decree in that case as a precedent to be followed here, and conclude that there has been no showing of contributory infringement of the Zerk patent sufficiently clear to warrant the issuance of a preliminary injunction.

The motion is accordingly denied.