## R. HOE & CO., Inc., et al. v. GOSS PRINTING PRESS CO.

Circuit Court of Appeals, Second Circuit. March 22, 1929.

No. 46.

For the opinion of the Circuit Court of Appeals, see 30 F.(2d) 271.

John D. Morgan, of New York City, for the motion.

James J. Kennedy, of New York City, opposed.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. ▮ We held in Page Machine Co. v. Dow, Jones & Co., 168 F. 703, that we would not require a patentee, whose claims we had held valid, to disclaim a claim found invalid by the Circuit Court. At that time the plaintiff had no appeal from an interlocutory decree of invalidity, and the effect of requiring a disclaimer was to make the decision of the Circuit Court final without review by us. If the patentee had had the appeal which he now has, the result need not have been the same, as Judge Westenhaver pointed out in Ensten v. Rich-Sampliner Co. (D. C.) 13 F.(2d) 132. It is the practice of the Sixth and Seventh Circuits to require disclaimer of those claims held invalid in the Circuit Court of Appeals as a condition of proceeding upon the valid claims. Herman v. Youngstown (C. C. A.) 191 F. 579, 587; Liquid Carbonic Co. v. Gilchrist Co. (C. C. A.) 253 F. 54; Higgin Mfg. Co. v. Watson (C. C. A.) 263 F. 378, 387; Excelsior, etc., Co. v. Williamson Heater Co. (C. C. A.) 269 F. 614, 619. We can see no distinction, whether a decree holding some of the claims invalid is affirmed, or this court in part reverses a decree holding them all valid. In each case the time is extended till the decision on appeal.

If this court's decision were final, such a rule would be a corollary of O'Reilly v. Morse, 15 How. 62, 14 L. Ed. 601, Seymour v. McCormick, 19 How. 96, 15 L. Ed. 557, and Gage v. Herring, 107 U. S. 640, 2 S. Ct. 819, 27 L. Ed. 601. However, it is not final, if the Supreme Court chooses to grant certiorari. In that event, a disclaimer would destroy the patentee's right to a review of our holding as to invalidity. The patentee should not be put to such a hazard, but should be as free to withhold his disclaimer, until his' appeal to the Supreme Court is decided, as he is upon appeal to this court from the decree of the District Court.

▮ The plaintiff at bar goes further, however, arguing that, even after denial of an application for certiorari, the patentee should not be obliged to disclaim. It argues that the Circuit Court of Appeals of another circuit might disagree with our ruling, and the Supreme Court would then take the case on certiorari and might declare the claims valid. A disclaimer would merely destroy this right, though the defendant is protected forever by its decree, and really has no interest in the disclaimer at all. While we acknowledge the difficulty and the possibility,

it appears to us that so to extend the patentee's time might result in avoiding the statute altogether. The patentee may not sue again, or, if he does, the result may be the same. It does not follow, because two Circuit Courts of Appeals have held the same way, that a third will not disagree. Must the patentee disclaim at the conclusion of the second suit, or may he wait until all nine circuits have passed upon his claims? The question is at best of seasonable action, and in practice there must be some end, short of exhausting all conceivable remedies. When the patent has once passed through all the courts then available, the statute should have its effect; else the putatively invalid claims may remain as scarecrows, preserved against the bare possibility that at some future time they may come to life.

The mandate will therefore be recalled and amended, so as to require the plaintiff to file a disclaimer within 30 days after the time expires within which to petition for certiorari, or, if it does so petition, then within 30 days after denial, if it is denied, or affirmance of the decree, if it is granted, and the decree is affirmed.