**BASSICK MFG. CO. v. ADAMS GREASE GUN CORPORATION (two cases).**

District Court, S. D. New York.
March 25, 1930.

Stephen H. Philbin, of New York City (Lynn A. Williams, of Chicago, Ill., of counsel), for plaintiff.

Kiddle, Margeson & Hornidge, of New York City (Wylie C. Margeson, of New York City, of counsel), for defendant.

THACHER, District Judge.

On motion for preliminary injunction, the question whether disclaimer of claim 12 of Gullborg patent, No. 1,307,734, was seasonably filed after the interlocutory adjudication of invalidity in Lyman Mfg. Co. v. Bassick Mfg. Co., 18 F.(2d) 29 (C. C. A. 6), was not fairly raised and was reserved for final hearing. The interlocutory character of the determination of invalidity is quite immaterial under the rule presently prevailing in this circuit. Ensten et al. v. Simon Ascher & Co., Inc. (C. C. A. 2, February 3, 1930) 38 F.(2d) 71; Hoe v. Goss (C. C. A.) 31 F. (2d) 565. But see Excelsior Steel Furnace Co. v. F. Meyer & Bro. Co. (C. C. A. 7) 36 F.(2d) 447. But in the Hoe Case plaintiff was allowed thirty days after expiration of the time allowed to file petition for certiorari, within which to file disclaimer, and plaintiff at bar did not wait so long. There is therefore no basis for finding unreasonable neglect or delay in entering the disclaimer as required by Rev. St. § 4922 (35 USCA § 71).

The proofs on final hearing disclose no reason for questioning the validity of the Gullborg, Zerk or Winkley patents, or for doubting the correctness of decision on motion for injunction pendente lite that the sale of defendant's grease guns with Gullborg and Zerk couplers was a contributory infringement of these patents. After the injunction issued, the Adams Company continued to sell its grease guns, but with modified couplers designated as the "Adams Snap-On Coupler," in which the Gullborg suction effect was eliminated.

Plaintiff contends that the limitations placed upon the Gullborg combination claims 14 and 15 in Bassick Mfg. Co. v. C. P. Rogers & Co. (D. C.) 26 F.(2d) 724, were erroneous, and that the error arose from failure to understand the opinion of Judge Denison in Lyman Mfg. Co. v. Bassick Mfg. Co., supra. Reference is made to a decision of the District Court for the Western District of Tennessee in which the learned District Judge stated from the bench that he could not agree with the decision in the Rogers Case and felt himself bound by the Lyman Case to reach a contrary conclusion. The same views were recently expressed by Judge

Campbell in a considered opinion. Bassick Mfg. Co. v. United Grease Gun Corp'n (Dist. Ct. E. D. N. Y. August 23, 1929) 40 F.(2d) 549. In deference to the learned judges who have considered the decision in the Rogers Case and believe it to be wrong, and to the earnest insistence of counsel that Judge Denison's language has been misunderstood, I have reviewed the conclusions reached in that case, but find no reason for qualifying what was there said. Indeed, entirely apart from Judge Denison's clear statement of the subject-matter of the invention, to which of course the claims must be limited if they are to be sustained, I am satisfied that claims 14 and 15 cannot be so broadly read as to include any old grease gun connected by any old bayonet coupler to one of the plaintiff's patented pin fittings. This conclusion follows from a consideration of what, if anything, can be said to be novel in such a combination. So far as the coupler and grease gun are concerned, we start with the concession that they are old. Whether they can properly be claimed in combination with the pin fitting must therefore depend upon their functional relation to the pin fitting. If that relation is such that, either in making the detachable connection with the fitting or in delivering the grease, a new function is performed or a new result accomplished, then the combination claims must be construed to include that as part of the invention embodied in the combination, and not merely in one of its members. If, on the other hand, novelty is found only in the specific form of the fitting, and if the function which it performs in making the detachable connection with the coupler and in receiving the grease is old, the combination claims must be limited upon Gullborg's disclosure to a combination including a coupler having the novel features disclosed in his specification. Fittings, couplers, and grease guns were known to the art in many forms before Gullborg, and had long been used in combination. Pin fittings which functioned in combination with the old couplers and grease guns were well known, and had long been used. They embodied the spring and ball valve and the pin designed to engage in a bayonet slotted coupler. The novelty in Gullborg's fitting was merely in the use of the same pin to furnish bearings for the slot and an abutment for the spring, and it was only this specific form of construction which was patentable. Lyman Mfg. Co. v. Bassick Mfg. Co. (C. C. A.) 18 F.(2d) 29. Thus it will be seen that there was no functional novelty in combining such a pin fitting with a bayonet coupler and a

grease gun. The old combination of the gun, the bayonet coupler, and a pin fitting with ball and spring valve would work as well and accomplish precisely the same result. To extend the combination claims to cover the use of any old gun and any old coupler on a Gullborg fitting is clearly not permissible in view of the prior art, which limits novelty in the pin fitting to a specific form of construction and deprives the aggregation of elements of all patentable novelty as a combination. Whether its elements be old or new, a combination is an invention distinct from them. Leeds & Catlin v. Victor Talking Machine Co., 213 U. S. 301, 318, 29 S. Ct. 495, 53 L. Ed. 805.

One is constrained to conclude that the combination claims must therefore be limited to a combination including a coupler having the novel features disclosed in the specification. From which it follows that furnishing grease guns with couplers which do not embody these novel features, even though they be designed for use on Gullborg fittings, is not contributory infringement, because such use will not complete the combination covered by the claims. Leeds & Catlin v. Victor Talking Mach. Co. (two cases) 213 U. S. 301 and 325, 29 S. Ct. 495, 503, 53 L. Ed. 805, 816, American Patents Devel. Corp'n v. Carbice Corp'n of America (C. C. A. 2, February 3, 1930) 38 F.(2d) 62, and similar cases, are not in point. They proceed upon complicity in infringement. But there can be no such complicity in furnishing one or all of the elements in a combination which does not infringe.

Since the preliminary injunction issued, defendant has sold a pin fitting adapted for use in connection with Gullborg and Zerk couplers. In its construction this fitting avoids the precise form of the Gullborg fitting but has the conventional bayonet pin, and when used in combination with the Gullborg coupler it will co-operate in producing the suction effect which is the subject-matter of the invention. Since it was advertised and sold for such use, such sales were contributory infringements. This pin fitting also embodies the dirt cutting circumferential edge of the Zerk fitting, and since it is adapted for use with the Zerk nozzle, and its sale was expressly for that purpose, such sales were also a contributory infringement of the claims of the Zerk patent.

Coming to the Winkley patent, the claims in suit are claims 12 and 13, as follows:

"12. The combination with a lubricant receptacle of means for supplying lubricant thereto, under pressure, comprising a conduit having means for detachably securing it to said receptacle, a perforated member yieldably mounted in said first-named means for contacting with one end of said receptacle to seal the connection between said conduit and said receptacle, and spring means for yieldingly holding said yieldably mounted means in contact with said receptacle.

"13. The combination with a lubricant receptacle of means for supplying lubricant thereto under pressure, comprising a conduit having means for detachably securing it to said receptacle, a perforated member yieldably mounted in said first-named means, for contacting with said receptacle to seal the connection between said conduit and said receptacle, and spring means for yieldingly holding said yieldably mounted means in contact with said receptacle."

Claim 12 was in suit in Lyman Mfg. Co. v. Bassick Mfg. Co. (C. C. A.) 18 F.(2d) 29, and was there held valid and infringed. Validity is not here disputed, but it is contended that claims 12 and 13 must be limited to a construction in which the perforated member or cup slidably mounted in the coupler is automatically and mechanically held in contact with the end of the fitting by a spring to effect the seal between the coupler and the fitting. Both claims, it will be noted, contain the element "spring means for yieldingly holding said yieldably mounted means in contact with said receptacle." In place of the spring mounted above and external of the cup, the defendant employed in its snap-on coupler a spring and ball valve mounted within the cup. By means of the spring the pressure necessary to overcome its tension and open the valve is utilized to force the cup downwardly and thus effect a seal in contact with the end of the fitting. The spring thus utilized performs precisely the same function as the spring means of claims 12 and 13 so long as the flow of grease continues. When the flow ceases the ball will return to its seat under tension of the spring, and the spring will cease to exert any pressure which will hold the yieldably mounted cup in contact with the fitting, when the pressures above and below the valve are equal. Thus it is seen that the claims of Winkley read directly upon defendant's device as long as the flow continues. This is the time of greatest need for effective sealing, and I do not think infringement can be avoided by a device which embodies the invention in all its elements as long as there is any delivery of

grease to the receptacle or fitting, although one of the means, i. e., the spring, ceases to be operative when the flow of grease is interrupted and the pressures above and below the valve are equal. Result is that the defendant's snap-on couplers, embodying a spring and ball valve of the type described, must be held to infringe.

I have considered, but find no merit in, the defense of equitable estoppel.

No attempt is made in this opinion to define with precision the infringing devices or the particular claims in these various patents which they infringe. Such matters may be left to the settlement of the decree. Counsel are requested to notice the decree for settlement at an early date.