### RADIO CONDENSER CO. v. GENERAL INSTRUMENT CORPORATION.

No. 387.

Circuit Court of Appeals, Second Circuit.

May 1, 1933.

Clyde A. Norton, of New York City (M. Theodore Simmons, of New York City, of counsel), for appellant.

Pennie, Davis, Marvin & Edmonds, of New York City (Dean S. Edmonds, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The counterclaim was dismissed on the ground that the patents to Cohen were invalid because of unreasonable delay in filing a disclaimer after adverse decisions in interference proceedings in the United States Patent Office. From an affidavit supporting the motion to dismiss, it appears that almost immediately after the issuance of the first Cohen patent, No. 1,555,634, issued September 29, 1925, claims 1 and 2 were placed in interference with two claims of an earlier application for patent by one Shaw, and on May 13, 1927, the Examiner of Interferences, upon testimony presented by both parties, awarded priority of invention to Shaw. A patent issued to him on December 23, 1930.

Similarly, as to the second Cohen patent, No. 1,563,893, issued December 1, 1925, an interference was declared on February 19, 1926, between three of Cohen's claims and an earlier application for a patent by one Chamberlain. Cohen submitted no testimony in that proceeding, and on April 17, 1928, priority of invention was awarded to Chamberlain and a patent issued to him. From neither decision did Cohen or his assignee take an appeal or otherwise attempt to litigate the validity of the patents until the filing of the appellant's counterclaim, verified February 26, 1932, nor have the claims held invalid in the interferences been disclaimed in the Patent Office.

The statute (35 USCA §§ 65 and 71) permits an inventor who has innocently but mistakenly claimed too much to save the valid claims of his patent by disclaiming the invalid claims. "But no patentee shall be entitled to the benefits of this section [section 71] if he has unreasonably neglected or delayed to enter a disclaimer." Delay begins whenever the patentee becomes aware that he has claimed more than he has invented or described. Robinson, Patents (1890) vol. II, p. 284, cited with approval in Ensten v. Simon, Ascher & Co., 282 U. S. 445, 453, 51 S. Ct. 207, 210, 75 L. Ed. 453. There a patentee had failed to appeal from an interlocutory decree holding one claim of his patent invalid, and had neglected to file a disclaimer until twenty-three months after the decree. It was held that the disclaimer came too late because "good faith and the spirit of the enactment demands that he act with such promptness as the circumstances permit either to vindicate his position or to relieve the public from further evil effects of his false assertion."

The appellant urges that the Ensten Case is not controlling because there a District Court had held the claim invalid, while here the adverse decision was that of an Examiner of Interferences, and once a patent has issued the Patent Office is without power to annul it. McCormick Harvesting Machine Co. v. Aultman, 169 U. S. 606, 609, 18 S. Ct. 443, 42 L. Ed. 875. While that is true, we think it is irrelevant to the present issue. The principle which the Ensten Case applies is that a patentee who discovers that he has included in his claims something of which he was not the first inventor must either promptly pursue available remedies to vindicate his claimed monopoly or else surrender his pretensions. To do neither, to continue to hold his doubtful claim in terrorem over others, is an imposition upon the public and not permitted by the statute. When the patentee receives his warning from a competent official, whether it be by decision of a District Judge or of a Patent Office Examiner, he should be compelled to make good his claim or to renounce it. A patentee who is beaten in an interference may by appeal carry his case through the Patent Office to an appellate court (35 USCA §§ 57, 59a); or under Rev. St. § 4918 (35 USCA § 66), he may sue the interfering patentee. Of none of these remedies did the appellant or its assignor, Cohen, take advantage; nor has either of them entered a disclaimer, although the adverse decisions in the Patent Office were rendered in 1927 and 1928 and the interfering patents were issued, respectively, in 1930 and 1928. During all this time the patentee has been threatening the art with a doubtful claim, and done nothing to obtain a judicial declaration of its validity. Under the doctrine of the Ensten Case, the counterclaim for infringement was properly dismissed.

Order affirmed.