### EMERY v. J. G. McCRORY CO.
### No. 5470.

District Court, E. D. New York.
June 26, 1933.

Randolph & O'Brien, of New York City, for plaintiff.

Daniel L. Morris and Hoguet & Neary, all of New York City (Daniel L. Morris, of New York City, of counsel), for defendant.

GALSTON, District Judge.

This is a motion to dismiss the bill of complaint on the ground that the patentee unreasonably neglected to enter a disclaimer to claims 6, 8, 11, and 13, which were held invalid by the United States Court of Appeals for the Sixth Circuit on June 28, 1930, in the action of F. W. Woolworth Co. v. Emery (S. S. Kresge v. Emery), 42 F.(2d) 398.

The motion is opposed on the ground that on or about November 14, 1929, and therefore prior to the adjudication of the cases in the Sixth Circuit, a suit was started by the plaintiff on the same patent in the Southern District of New York entitled Emery v. Vito Radice et al.; and that, while said action was still pending in the Southern District and before the trial thereof, the present action was started in this court.

It appears, moreover, that in December, 1931, the action in the Southern District was dismissed for want of prosecution because the plaintiff was at that time in California and without means.

In Ensten v. Simon, Ascher & Co., 282 U. S. 445, 51 S. Ct. 207, 75 L. Ed. 453, the law is laid down that, to protect the valid part of a patent containing an invalid claim, the patentee must disclaim the invalid part without unreasonable neglect or delay. Revised Statutes, §§ 4917, 4922 (U. S. C., title 35, §§ 65, 71, 35 USCA §§ 65, 71).

From the moving papers it appears that no writ of certiorari was sought from the Supreme Court to review the Circuit Court of Appeals in the Sixth Circuit. Of course, the effect of a disclaimer would be to limit the plaintiff in all other circuits. Thus the patentee is put in a most embarrassing position. Ordinarily, if the patent is held invalid in one circuit, there is the possibility that a contrary view may be held in another circuit, and the matter of validity then brought before the United States Supreme Court. The harshness of the result which forecloses a patentee from thus contesting in the various circuits was, however, considered by our own Circuit Court of Appeals in R. Hoe & Co., Inc., et al. v. Goss Printing Press Co., 31 F.(2d) 565, 566. The court said: "While we acknowledge the difficulty and the possibility, it appears to us that so to extend the patentee's time might result in avoiding the statute altogether."

In view of these two decisions, there remains only a question of fact to decide on this motion. Because at the time of the rendering of the decision in the Sixth Circuit the plaintiff had a cause pending in the Southern District, does he present a reasonable ground for his neglect to file a disclaimer? There might be some force in this contention were it not for the fact that, as appears from Mr. Randolph's affidavit, the

cause in the Southern District was dismissed in December, 1931. Since then the plaintiff had ample time and without embarrassment, other than that caused by the statutory requirement, to file his disclaimer.

The motion is granted.

Settle order on notice.