## BETTER PACKAGES, Inc., v. NASHUA PACKAGE SEALING CO., Inc., et al.

District Court, S. D. New York.

April 11, 1934.

Emery, Booth, Varney & Whittemore, of Boston, Mass. (L. G. Miller, of Boston, Mass., of counsel), for the motion.

Hammond & Littell, of New York City, opposed.

WOOLSEY, District Judge.

The motion is in all respects granted.

I. The plaintiff did not avail itself of its right to appeal on or before November 2, 1932, from such part of the interlocutory decree of October 3, 1932, entered in the case decided by Judge Coleman of Better Packages, Inc., v. L. Link & Co., et al. (D. C.) 1 F. Supp. 132, as held invalid certain claims of patents No. 1,194,752 and No. 1,782,123.

I think that under the principles taught in the opinion of the Supreme Court in Ensten v. Simon, Ascher & Co., 282 U. S. 445, 455, 51 S. Ct. 207, 75 L. Ed. 453, illustrated by such decisions as R. Hoe & Co., Inc., et al. v. Goss Printing Press Company, 31 F. (2d) 565, 566 (C. C. A. 2), Radio Condenser Company v. General Instrument Company, 65 F.(2d) 458, 459 (C. C. A. 2), and Otis Elevator Company v. Pacific Finance Corporation, 68 F.(2d) 664, 670 (C. C. A. 9), in order to maintain its right thereafter to sue for infringement of the claims of said patents which were held valid, the plaintiff should have filed its disclaimers in the circumstances here, shown on or before December 2, 1932, that is, within thirty days at least after its time to appeal from the interlocutory decree of October 3, 1932, had expired, as it did on November 2, 1932. Title 28 United States Code, §§ 227 and 227a (28 USCA §§ 227, 227a).

The plaintiff either should have justified its position as to these patents by securing,

on appeal if it could, a reversal of Judge Coleman's ruling holding certain claims invalid, or by disclaimer it should have acquiesced in said ruling as the statute prescribes. For the ambit of a patent right must not be left vague, but must be kept clearly defined that the public may know its rights in the face of the patentee's monopoly.

The plaintiff filed its disclaimer in respect of patent No. 1,194,752 on January 24, 1933. This was eighty-three days after the time to appeal from the interlocutory decree above mentioned had expired. In respect of patent No. 1,782,123, it has not filed any disclaimer. Consequently, in view of the provisions of the Patent Law of the United States, title 35 United States Code, §§ 65 and 71 (35 USCA §§ 65 and 71), the instant suit cannot be maintained in so far as it is founded on the patents mentioned, and to that extent must be dismissed.

Settle order on notice.