## SELDEN CO. v. GENERAL CHEMICAL CO.
### No. 5402.

Circuit Court of Appeals, Third Circuit.
Sept. 26, 1934.

Clair W. Fairbank, of New York City, Robert Ames Norton, of Pittsburgh, Pa., and S. A. Demma, of New York City, for appellant.

W. B. Morton, of New York City, and R. T. M. McCready, of Pittsburgh, Pa., for appellee.

Before DAVIS and THOMPSON, Circuit Judges, and FAKE, District Judge.

FAKE, District Judge.

In the year 1929, the General Chemical Company filed a bill of complaint in the District Court for the Western District of Pennsylvania against the Selden Company charging the latter with infringement of the chemical company's letters patent No. 1,371,004. After trial of the issues joined in that suit, the District Court found the patent valid and not infringed and a decree was entered dismissing the bill of complaint. 60 F.(2d) 144. From that decree an appeal was taken to this court, and the action of the District Judge was affirmed. 67 F.(2d) 133. While the appeal was pending here, a petition was filed by the chemical company in the court below praying for leave to file a bill of review upon the ground that, after the decree was entered, the petitioner had discovered that the process of manufacturing the catalyst as set forth by the Selden Company's witnesses was not in fact followed by the Selden Company prior to the institution of the suit, and that the catalyst supplied by the Selden Company for the purposes of the trial, and upon which the decision was based, was not manufactured in conformity with the process employed by Selden prior to the filing of the bill of complaint, but, on the contrary, was manufactured by a process nearly identical with the chemical company's patent. The District Judge, for reasons set forth in his opinion of May 8, 1933, refused to allow the filing of the bill of review.

In March of 1933, the General Chemical Company filed a bill of complaint against Standard Wholesale Phosphate & Acid Works, Inc., in the District Court for the District of Maryland charging the phosphate company with infringement of the same patent which had been considered in the Pennsylvania suit, and in which suit it was held that the Selden Company had not infringed.

In October, 1933, the Selden Company petitioned the District Court of the Western District of Pennsylvania for leave to file a supplemental bill in the suit first above mentioned, which supplemental bill prays, among other things, for an injunction to restrain the chemical company from prosecuting the suit pending in the District Court of Maryland.

At the time of the filing of the aforesaid petition there was also filed a motion, and a rule to show cause was issued seeking a preliminary injunction against the prosecution of the suit in Maryland. After due deliberation on the issues involved in the petition and on the motion, the District Judge, on December 6, 1933, dismissed the petition and discharged the rule to show cause. It is from this order that the present appeal was taken. It should be noted here that the Standard Wholesale Phosphate & Acid Works, defendant in the Maryland suit, is a customer of the Selden Company which, as has been said, was held not to infringe in the Pennsylvania suit.

■■■ Appearing, as it does from the foregoing record, that the chemical company had discovered new matter while the appeal was pending in its case before this Circuit, and that prior to the filing of the petition in the instant matter, a suit had been commenced in the Maryland court against another defendant, was it an abuse of judicial discretion by the District Judge in Pennsylvania to act as he did in refusing to permit the filing of a supplemental bill? We think not.

It is a well-established rule that leave to file a supplemental bill rests in the sound discretion of the court, and the action of the judge in either refusing or permitting the filing of such a bill will not be disturbed upon appeal except upon a showing of gross abuse of discretion. Berliner Gramophone Co. v. Seaman (C. C. A.) 113 F. 750, and cases therein cited.

This then being the rule, we proceed to examine the record for the facts which prompted the refusal in the court below, and we find two things: First, that the chemical company had discovered new matter peculiarly within the knowledge of the Selden Company pending the appeal in this court; and, secondly, the new matter involved delicate intricacies of the processes of the chemical formula covered by the patent which had not

been timely brought to the attention of the trial court. Hence, it might reasonably be concluded that the issues involved in the Maryland suit were not the same as those covered in the Pennsylvania suit, and the law as laid down in Kessler v. Eldred, 206 U. S. 285, 27 S. Ct. 611, 51 L. Ed. 1065, does not apply, since in that case the court was dealing with lighters found to be identical with those which had been held to be noninfringements. It does not appear here that the catalyst, which is alleged to be an infringement in the Maryland suit or the processes of its manufacture, are identical with the catalyst and process of manufacture covered in the Pennsylvania case, and in view of the record above recited, it would appear that the Pennsylvania court is without jurisdiction to try the issues as to the processes and catalysts involved in the Maryland suit.

The action of the court below is affirmed.