## GENERAL CHEMICAL CO. v. STANDARD WHOLESALE PHOSPHATE & ACID WORKS, Inc.

### No. 3818.

Circuit Court of Appeals, Fourth Circuit.

May 1, 1935.

W. Brown Morton, of New York City (R. Contee, Rose, of Baltimore, Md., and Charles W. Riley, of New York City, on the brief), for appellant.

Clair W. Fairbank, of New York City (Charles McH. Howard, of Baltimore, Md., and William R. Perkins and Robert A. Norton, both of New York City, on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

The bill of complaint of the General Chemical Company, plaintiff in the District Court, charged infringement by Standard Wholesale Phosphate & Acid Works, Inc., defendant, of United States Reissue Patent No. 19,282, to Slama and Wolf, relating to the oxidation of sulfur dioxid and catalyst therefor, and prayed for an injunction and an accounting of profits and damages. The bill was dismissed by the District Court, without going into the question of infringement, on the ground that the patent is void because of unreasonable delay in the filing of a disclaimer of claim 7 of the original patent No. 1,371,004 of March 8, 1921, for the infringement of which the suit was originally brought.

The original patent was the basis of an earlier suit for patent infringement instituted July 24, 1929, by the plaintiff against the Selden Company at Pittsburgh in the Western District of Pennsylvania. The decree of that court dismissed the bill on June 17, 1932 [see General Chemical Co. v. Selden Co. (D. C.) 60 F.(2d) 144], and adjudged that claim 7 of the patent was invalid on the ground that it failed to enumerate one of the essential elements of a catalyst, and that the other claims were valid but were not infringed when restricted to the specific disclosures therein, as required by the state of the prior art. On September 15, 1932, an appeal was taken to the Circuit Court of Appeals of the Third Circuit, which, on September 20, 1933, affirmed the decree of the District Court [see 67 F.(2d) 133]. A petition for rehearing was denied on October 30, 1933; and a petition for writ of certiorari to the Supreme Court, filed on January 30, 1934,

was denied on March 5, 1934. 291 U. S. 678, 54 S. Ct. 529, 78 L. Ed. 1066. No express mention of claim 7 was made in either of these petitions which were directed to the consideration of the scope of the claims, but no abandonment of claim 7 or acceptance of the adverse decisions thereon was expressed.

Pending the appeal·in this case, that is, on March 22, 1933, the plaintiff filed the bill of complaint in the instant case at Baltimore, alleging that the defendant herein (which is a customer of the Selden Company) was infringing all of the claims of the original patent, including claim 7. On the next day, the plaintiff filed a petition in the suit against the Selden Company in Pittsburg, calling the Baltimore suit to the attention of the court, and seeking to reopen the case against the Selden Company and to stay the appeal then pending in the Circuit Court of Appeals; but the petition was denied on May 8, 1933, and no appeal was taken from the order of the court. On October 17, 1933, shortly after the affirmance of the decree in the Pittsburg case by the Circuit Court of Appeals, the Selden Company filed a supplemental bill therein, alleging that the plaintiff was attempting to relitigate with one of its customers the same question which had been adjudged by the Circuit Court of Appeals, and therefore was acting contrary to the rule laid down in Kessler v. Eldred, 206 U. S. 285, 27 S. Ct. 611, 51 L. Ed. 1065, forbidding a patentee from harassing the customers of one whom he had unsuccessfully sued for infringement. An injunction restraining the plaintiff from proceeding with the Baltimore suit was sought. On December 6, 1933, the motion for injunction was denied, and, on appeal, the decision of the District Court on this point was affirmed on September 26, 1934, twelve days before the trial of the instant case was begun in the Baltimore court. The Circuit Court of Appeals, stating that it did not appear that the catalyst used by the defendant in the Baltimore suit was identical with that covered in the Pittsburg case, held that the Pittsburg court was without authority to try the issues involved in the Maryland suit. See Selden Co. v. General Chemical Co., 73 F.(2d) 195.

It will be observed that the bill of complaint in the instant case was filed on March 22, 1933, before the decision of the first appeal in the Pittsburg case, the plaintiff taking the position that the article alleged to infringe in the Baltimore case differed from that involved at Pittsburg. Thus the instant case was awaiting trial during the interval in which the first appeal was decided on September 20, 1933, the petition for certiorari to the Supreme Court was denied on March 5, 1934, and the second appeal in the Pittsburg case was decided on September 26, 1934. It is important to bear these proceedings in mind in passing on the question whether the plaintiff's actions in seeking a reissue of the original patent and in filing a formal disclaimer of claim 7 were seasonably taken.

On April 7, 1934, the plaintiff filed in the Patent Office an application for a reissue of the original patent, and sought to substitute for claim No. 7 a new claim, in which was included the element whose omission in the original claim had been held fatal in the Pittsburg case. This application was made 32 days after the denial of the writ of certiorari in the Supreme Court in that case. The Patent Office held that the paper was not entitled to a filing date because it failed to comply with Rule 85 of the Patent Office, or with Rev. St. § 4895 (35 USCA § 44), requiring that an application for reissue by an assignee shall be made and sworn to by the inventor. The application showed that it was filed in the name of the plaintiff, because one of the inventors, Slama, had been dead for a number of years, and the applicant had no recent information as to whether the other inventor was alive. Later the signature of Wolf, the other inventor, was obtained, and the application was refiled on June 16, 1934. It was then considered and Reissue Patent No. 19,282 was granted on August 21, 1934. The plaintiff then amended its bill in the Baltimore case, setting up this reissue patent and charging infringement of claims 1 to 6 and claim 8 thereof.

In the meantime, under date of April 12, 1934, the plaintiff sent to the Patent Office a disclaimer in respect to claim 7 of the original patent, stating in the accompanying letter that a new claim 7, redrafted to correct the deficiency upon which the decree of invalidity had been based, had been filed, and that the disclaimer was filed out of abundant caution to avoid the possibility of an adverse ruling that the cancellation of the claim by a reissue was not the equivalent of the statutory disclaimer. The filing date of the disclaimer was April 13, 1934, 38 days after the denial of the writ of certiorari, and 7 days after the filing of the application for reissue.

On October 1, 1934, 5 days after the decision of the second appeal in the Pitts-

burg case, the defendant amended its answer in the pending case and set up the defense of invalidity of the original patent on the ground of unreasonable delay in filing the disclaimer; and on October 8, 1934, filed a motion to dismiss the bill on the same ground. This motion was granted, and the bill was dismissed on October 9, 1934. The present appeal followed in due course.

The District Judge held (8 F. Supp. 265), in accordance with the decision of the Supreme Court in Ensten v. Simon, Ascher & Co., 282 U. S. 445, 51 S. Ct. 207, 75 L. Ed. 453, that a patent containing an invalid claim may be saved from the effect of the general rule that such a patent is wholly void, by complying with the provisions of the disclaimer statute, Rev. St. § 4917, 35 USCA § 65, and filing a disclaimer of the invalid claim in the Patent Office within a reasonable time; and that in the ordinary case, when a claim is held invalid in a District Court of the United States, and an unsuccessful appeal has been taken to the Circuit Court of Appeals, and an application to the Supreme Court for writ of certiorari has been made and denied, a disclaimer will be in time if filed within a reasonable time after such denial. He showed that neither the statute nor the decision of the Supreme Court lays down a definite length of time within which the document must be filed, but that a period of 30 days has been held to be reasonable in certain decisions in the Second and Ninth Circuits. R. Hoe & Co. v. Goss Printing Press Co. (C. C. A.) 31 F. (2d) 565; Radio Condenser Co. v. General Ins. Corp. (C. C. A.) 65 F.(2d) 458; Bassick Mfg. Co. v. Adams Grease Gun Corp. (C. C. A.) 52 F.(2d) 36; Id. (D. C.) 39 F.(2d) 904; Adams Grease Gun Corp. v. Bassick, 285 U. S. 531, 52 S. Ct. 312, 76 L. Ed. 926; Otis Elevator Co. v. Pacific Finance Corp. (C. C. A.) 68 F.(2d) 664; Emery v. J. G. McCrory Co. (D. C.) 4 F. Supp. 167; Better Packages, Inc., v. L. Link & Co. (D. C.) 1 F. Supp. 132; Id. (C. C. A.) 74 F.(2d) 679; Better Packages, Inc., v. Nashua Package Sealing Co. (D. C.) 6 F. Supp. 573; Id. (C. C. A.) 74 F.(2d) 682; and he was of opinion that under the circumstances of the present case, 30 days was a sufficient time, and that the situation was not altered in this respect by the filing of the application for a reissue. Hence he concluded, the plaintiff having exceeded the stated period by 8 days, that the bill should be dismissed.

We shall assume for the purposes of this decision, as was held by the District Court and is now contended by the defendant, that the application for reissue did not obviate the necessity of filing the disclaimer within a reasonable time. Considering the situation from this viewpoint, we are unable to reach the conclusion that the disclaimer was unreasonably delayed in this cause because it was withheld for 38 days after the petition of writ of certiorari was denied. We agree with the opinion generally held that when an adverse decision upon a claim is contested in good faith, the obligation to disclaim does not arise until the final decision of the highest court, from which the period of delay begins to run; and since the disclaimer statute does not specify the period, no space of time, such as 30 days, can be inexorably fixed as the limit, beyond which delay must be considered negligent and unreasonable.

The practice has been adopted in a number of federal circuits, in the event of an adverse decision on one or more claims of a patent, to require a disclaimer of those claims as a condition of proceeding further in the case upon the valid claims. The period of 30 days has been considered sufficient for this purpose in the Sixth Circuit, and 60 days has been allowed in the Seventh Circuit. Herman v. Youngstown Car Mfg. Co. (C. C. A.) 191 F. 579; Higgin Mfg. Co. v. Watson (C. C. A.) 263 F. 378, 387; Excelsior Steel Furnace Co. v. Williamson Heater Co. (C. C. A.) 269 F. 614, 619; Liquid Carbonic Co. v. Gilchrist Co. (C. C. A.) 253 F. 54. These cases were referred to in the per curiam opinion in R. Hoe & Co. v. Goss Printing Press Co. (C. C. A.) 31 F.(2d) 565; and the same practice was adopted, the mandate of the court requiring the owner of the patent to file a disclaimer within 30 days after the denial of a petition for writ of certiorari, if such a petition should be filed. The courts in these cases did not, of course, attempt to import into the statute any definite period as applicable to all cases, but fixed 30 or 60 days as the period within which the plaintiff should act if he desired to proceed further on his valid claims.

In later cases, expressions were used to the effect that ordinarily 30 days would serve to give a patentee a reasonable time to determine his course of action after an adverse decision, as in Bassick Mfg. Co. v. Adams Grease Gun Corp. (C. C. A.) 52 F.(2d) 36, Id. (D. C.) 39 F.(2d) 904, and Better

Packages, Inc., v. L. Link & Co. (C. C. A.) 74 F.(2d) 679, 682. However, in no case to which our attention has been called was it held that so short a period as 38 days after the adverse decision was unreasonably long. Thus in Ensten v. Simon, Ascher & Co., 282 U. S. 445, 51 S. Ct. 207, 75 L. Ed. 453, Id. (C. C. A.) 38 F.(2d) 71, the period condemned was 23 months; in the Second Circuit in Radio Condenser Co. v. General Ins, Corp. (C. C. A.) 65 F.(2d) 458, more than 3 years; in Better Packages, Inc., v. Nashua Package Sealing Co., supra, and in Better Packages, Inc., v. L. Link & Co., supra, 83 days, and in Otis Elevator Co. v. Pacific Finance Corp. (C. C. A.) 68 F. (2d) 664, in the Ninth Circuit, 14 months.

■ The circumstances under which the disclaimer was filed in the pending case in our opinion rebut the charge that the owner of the patent was guilty of negligent delay. Shortly after the adverse decision of the District Court in Pittsburg, the validity of claim 7 was reasserted in the Baltimore court, and every effort available to the litigant to secure a reversal of the Pittsburg decision upon this claim was exercised within the time permitted by law. The Pittsburg suit involved not only the usual proceedings, but, in addition, the filing of a supplemental bill by which the defendant endeavored to enjoin the Baltimore suit, and this supplemental proceeding was going on during the period of the alleged negligent delay. Moreover, the owner of the patent had to consider not merely the question of a disclaimer but also the question of the application for a reissue of the patent under the provisions of Rev. St. § 4916, 35 USCA § 64. As a matter of fact, the Patent Office subsequently granted a reissue, and while we decide the pending case on the assumption that the filing of the application for reissue did not obviate the necessity of making a disclaimer, nevertheless the problem presented by the application for the reissue was a circumstance to be viewed in connection with all the other circumstances of the case in determining the question of unreasonable delay. The harshness of the rule that the whole patent is void, if one of the claims is invalidated, was recognized in the passage of the disclaimer statute; and it must be applied with sufficient liberality to give effect to its remedial purpose, bearing in mind that the original rule is based upon the assumption, in many cases more theoretical than real, that the public is injured by the inclusion in the patent of an invalid claim.

We conclude that the bill of complaint should not have been dismissed in the District Court, and that the case should be remanded for further proceedings.

We do not decide the question whether a disclaimer is necessary in those cases in which an application for reissue may properly be made; nor do we decide whether in such cases the patentee has an alternative remedy either by way of disclaimer, under 35 USCA § 65, or by an application for a reissue, under 35 USCA § 64, in view of the fact that in both sections there is reference to the situation which exists when through inadvertence an inventor has claimed more than that of which he was the original inventor.

**Reversed and remanded.**