## ROLSCREEN CO. v. ABRAHAM & STRAUS, Inc.
### No. 8406.

District Court, E. D. New York.

Nov. 23, 1938.

Hoguet, Neary & Campbell, of New York City (Mark N. Donohue, of New York City, and Earl & Chappell and Ralph L. Chappell, all of Kalamazoo, Mich., of counsel), for the motion.

Cooper, Kerr & Dunham, of New York City (Thomas J. Byrne, of New York City, and Bair & Freeman, W. P. Bair, and Will Freeman, all of Chicago, Ill., of counsel), opposed.

CAMPBELL, District Judge.

This is a motion made on behalf of the defendant to dismiss because of alleged facts occurring since the trial and decision of this case, which it is alleged, definitely establish that the plaintiff is not entitled to enforce any rights granted to it under the Patents in suit.

On May 1, 1934, Patent No. 1,957,272 issued to the plaintiff. On May 28, 1935, plaintiff filed a Bill of Complaint against the Kirsch Company in the District Court of the United States for the Western District of Michigan, Southern Division, relying upon a related Patent No. 1,993,-173. On October 18, 1935, plaintiff amended the Bill of Complaint to include the aforesaid Patent No. 1,957,272.

In that case plaintiff relied upon Claim 9 of Patent No. 1,957,272. This claim was held by the Court to be invalid because of lack of invention over the prior art. On March 21, 1935, plaintiff appealed from that decision of Judge Raymond.

After that decision, plaintiff reissued Patent No. 1,957,272 as Reissue Patent No. 20,133 retaining as Claim 9, the claim which had been declared invalid by Judge Raymond's decision. This Reissue Patent is one of the Patents in suit.

In the meantime, plaintiff had had an application for Patent pending before the Patent Office and on October 20, 1936, that application matured into Patent No. 2,058,-159.

Thereafter, plaintiff brought suit against Samuel Gotbetter et al. in this Court in Equity No. 8171, relying upon Reissue Patent No. 20,133 and the Patent No. 2,058,159. In that suit plaintiff relied upon Claim 9 of the Reissue Patent No. 20,133 as well as upon other claims and

upon Claims 2 and 7 of Patent No. 2,058,-159 as well as upon other claims.

The Court, by its decision in that case, dated June 4, 1937, and by the Interlocutory Decree dated September 27, 1937, and the further Interlocutory Decree dated October 26, 1937, held invalid Claim 9 of the Reissue Patent No. 20,133 and Claims 2 and 7 of Patent No. 2,058,159. Plaintiff duly appealed from that decision of the Court, assigning as error the finding of invalidity of the aforesaid claims.

In the meantime, plaintiff started this suit, and by the Bill of Complaint herein, plaintiff excluded Claim 9 of Reissue Patent No. 20,133, and Claims 2 and 7 of Patent No. 2,058,159, relying only on the claims of these two Patents, which had been held valid and infringed in the Gotbetter decision.

The Docket of the 6th Circuit Court of Appeals to which the case of Rolscreen Co. v. Kirsch Co., had been appealed, 99 F.2d 1013, was very crowded and the appeal in that case was not set down for hearing until the October Term of 1938. On September 15, 1938, notices were received from the Clerk of the 6th Circuit Court of Appeals that the Appeal would be heard on October 12, 1938. Thereafter, on October 5th, the Attorneys for the Kirsch Company, who are also the Attorneys for the defendant in this case, which is defended by the Kirsch Company, received notice from the plaintiff that disclaimers of Claim 9 of Reissue Patent No. 20,133 and Claims 2 and 7 of Patent No. 2,058,159 had been filed in the Patent Office and that action was expected on them shortly. Plaintiff moved to dismiss its appeal in the 6th Circuit Court of Appeals and also moved to dismiss its appeal in the 2nd Circuit Court of Appeals in the Gotbetter et al. case.

On the facts, as stated, defendant contends that plaintiff did not withhold the filing of the said disclaimers in good faith, but that by eliminating Claim 9 of the Reissue Patent and Claims 2 and 7 of Patent No. 2,058,159, which had been held invalid, plaintiff showed its desire to hold these claims as long as possible, although it would ultimately disclaim, and that it did not disclaim until the time came for it, either to vindicate its position by carrying through the appeal, or to remove the claims from the Patents by disclaimer.

■ The questions here raised are properly presented by a Motion to dismiss.

Emery v. J. G. McCrory Co., D.C., 4 F.Supp. 167; Radio Condenser Co. v. General Instrument Corporation, 2 Cir., 65 F.2d 458; Better Packages, Inc., v. L. Link & Co., Inc., 2 Cir., 74 F.2d 679; Otis Elevator Co. v. Pacific Finance Corporation, 9 Cir., 68 F.2d 664; Railway Engineering Equipment Co. v. Oregon Short Line R. Co., 10 Cir., 79 F.2d 469.

Defendant cites as authority for the granting of its Motion, Ensten v. Simon Ascher & Company Incorporated, 282 U.S. 445, 51 S.Ct. 207, 75 L.Ed. 453; Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949; Ensten v. Rich-Sampliner Co., D.C., 13 F.2d 132; Altoona Publix Theatres, Inc., v. American Tri-Ergon Corp., 294 U.S. 477, 55 S.Ct. 455, 79 L.Ed. 1005; Emery v. J. G. McCrory Co., supra; Better Packages, Inc., v. Nashua Package Sealing Co., D.C., 6 F.Supp. 573; Better Packages, Inc., v. L. Link & Co., Inc., supra; Radio Condenser Co. v. General Instrument Corporation, supra; Otis Elevator Co. v. Pacific Finance Corporation, supra; R. Hoe & Co., Inc., v. Goss Printing Press Co., 2 Cir., 31 F.2d 565; General Chemical Co. v. Standard Wholesale Phosphate & Acid Works, Inc., 4 Cir., 77 F.2d 230.

These cases do not seem to me to be in point in this case. Defendant relies principally upon Ensten v. Simon Ascher & Co., supra, but it does not seem to me that the facts disclosed, as to the Patents here sued upon, were passed upon in that case, because in both instances, in which claims of the Patents in suit were declared invalid, both in the 6th and 2nd Circuit Court of Appeals, the appeals were seasonably taken, the records had been prepared, and they were on the calendars of both of those Circuit Courts of Appeals at the time when the disclaimers here in question were filed, and that was not the situation in Ensten v. Ascher & Co., supra.

■ I do not find that in Triplett v. Lowell, supra, Ensten v. Rich-Sampliner Co., supra; Altoona Publix Theatres, Inc., v. Tri-Ergon Corp., supra; Emery v. J. G. McCrory Co., supra, Better Packages, Inc., v. Nashua Package Sealing Co., supra, Better Packages, Inc., v. L. Link & Co., Inc., supra; Radio Condenser Co. v. General Instrument Corp., supra; Otis Elevator Co. v. Pacific Finance Corp., supra; General Chemical Co. v. Standard Wholesale Phosphate & Acid Works, Inc., su-

pra; R. Hoe & Co. v. Goss Printing Press Co., supra, the question here presented was determined. It is true that the burden rests upon the plaintiff to show that it had not delayed unreasonably in the filing of the disclaimers.

The plaintiff had the right, before filing a disclaimer, to carry its case to the highest Court to which it could legally be taken, provided it acted seasonably and in good faith.

In each instance the plaintiff took an appeal and did not delay, therefore, it seems to me that plaintiff clearly brought itself within the protection of the disclaimer statute, 35 U.S.C.A. § 65. Defendant's main argument, it appears to me in its attempt to show lack of good faith on the part of the plaintiff, is that in the action at bar, the plaintiff did not sue upon either of the Claims which had previously been declared invalid and to which appeals were pending, namely, Claim 9 of the Reissue Patent No. 20,133 and Claims 2 and 7 of Patent No. 2,058,159. This argument, however, does not seem convincing to me.

The plaintiff alleged and proved infringement by the defendant of other claims and left the claims which had been held invalid for determination on the two appeals then pending, and I could not predicate bad faith upon that action. I cannot say on all the evidence that plaintiff knew that it would have to disclaim when it instituted the suit, but that after the decision in the Gotbetter suit, the plaintiff was then placed in a position where undoubtedly when the time for argument on the appeal in the 6th Circuit Court of Appeals arrived, it may have felt that with the two decisions against it, it could not succeed and, therefore, instead of holding on to these claims, and if defeated in the Circuit Court of Appeals, attempting to obtain certiorari to the Supreme Court, and thus be permitted to hold these claims as a threat, it had, in the time allowed by law, entered its disclaimers.

I believe that the statute has been complied with, and that the plaintiff has acted in good faith, and so holding, there is no reason for allowing the defendant to file a supplemental answer to raise this question, as it has been properly raised and determined on this motion.

This, it seems to me, is in accord with the holdings in the cases cited by the defendant, and also in Bassic Mfg. Co. v. Adams Grease Gun Corporation, 2 Cir., 52 F.2d 36; Aluminum Colors, Inc., v. United States Research Corporation, D.C., 7 F.Supp. 609.

Motion denied.